ARCHIBALD M. ALLERTON et al., Appellants, *v.* SAMUEL W. ALLERTON, Respondent.

The rule that he who seeks to rescind an agreement upon the ground of fraud must place the other party in as good a situation as that in which he was when the agreement was made, is satisfied if the judgment asked for will accomplish that result, and in such a case no offer to return that which was received is necessary.

Accordingly, *held*, that where plaintiffs were induced by the fraudulent representations of defendant, their partner, to sell out their interest in the partnership property for a sum paid in cash, and where the complaint alleged and it appeared that defendant had received more than the amount paid out of the avails of the property, and the judgment asked for was that defendant account for the moneys received and pay over the surplus after deducting the sum paid, that it was not necessary to allege or show an offer to return the money received on the sale.

(Argued June 11, 1872; decided November 12, 1872,)

THE complaint alleged that plaintiffs, defendant and one McPherson were partners in conducting certain stock yards at Pittsburg, Pennsylvania; that plaintiffs, induced by the fraudulent representations of defendant (who had the management of the business) that the business was not profitable, and that he in conjunction with them would sell out to McPherson, consented to unite with him in such sale upon being refunded the amount invested by them, and that thereafter defendant represented that he had sold out, and paid to plaintiffs the moneys advanced by them; that in fact defendant did not sell, but retained his interest, and subsequently acquired McPherson's interest; that the business was profitable, and defendant had received large gains and profits. Plaintiffs asked that the sale be declared void, that defendant account for all moneys received by him, and that they have judgment for their portion of the profits under the agreement, less the amount they had received. The case was tried by the court, who found the fraud as alleged, and decided that plaintiffs were entitled to the share of the profits to which they were originally entitled, less the amount received by them on the sale, and that defendant execute a re-transfer to plaintiffs of the interest they

had prior to the sale. Judgment was entered upon the decision, which was reversed by the General Term and complaint dismissed. The General Term decided that no fraud in fact was shown; that plaintiffs' interests were several, not joint; that McPherson or his representatives should have been joined as defendants, and that plaintiffs should have tendered back the sums received by them on the sale. *Held*, that the fraud alleged in complaint was established; that no tender of the amount received was necessary before suit brought, as the judgment sought for and given allowed it to defendant, and this was in fact an actual return of the consideration paid; that the question as to the misjoinder or non-joinder of parties, not having been raised by the pleadings or upon the trial, could not be raised upon appeal.

*Homer A. Nelson* for the appellants.

*J. M. Knox* for the respondent.

FOLGER, J., reads opinion for reversal of judgment of General Term and affirmance of that of Special Term.
All concur, except CHURCH, Ch. J., not voting.
Judgment accordingly.