Okey, C. J.
The action was in equity, the parties were not entitled to a jury, and hence the case was a proper one for appeal to the district court. Act of 1858, 2 S. & C. 1155, 1157, §. 5. But Booth was not deprived of an appeal by the order of. the court' refusing to fix the amount of an undertaking therefor. Notwithstanding such refusal, he might have prosecuted his appeal. Hubble v. Renick, 1 Ohio St. 171. The order of the court finding that the cause was one for a second trial under that act, and fixing the amount of an undertaking for such second trial, was erroneous; but the second trial was allowed at the request of Booth, and by availing himself of it he effectually waived the error. As said in Bank v. Slemmons, 34 Ohio St. 142, 151, “the plaintiff is estopped to deny that the second trial was taken in pursuance of the statute then in force on the subject.” And see Collins v. Davis, 33 Ohio St. 567; Andrews v. Youngstown, 35 Ohio St. 218. The authorities relied on to show that where there is want of jurisdiction as to the subject matter or parties the judgment is void (Gilliland v. Sellers, 2 Ohio St. 223; Buell v. Long, 18 Ohio St. 533, and for other cases, see 25 Ohio St. 273), have no application to the judgment rendered on that second trial.
The other question is as to the sufficiency of the amended reply. The action, as already stated, was in equity to enforce the written agreement. The answer did not present the case of a mere verbal agreement to rescind by one placed in actual possession, as in Kelley v. Stanbery, 13 Ohio, 408, nor the *409 case of an attempted rescission by the destruction of deeds, as in Dukes v. Spangler, Jeffers v. Philo, 35 Ohio St. 119, 173; but it presented the case of a verbal rescission and the cancellation of a written agreement to purchase lands, where possession had not been delivered, but the purchaser had paid $1,000 to obtain such rescission and cancellation. On the facts alleged in the petition and answer, it is clear specific performance of the agreement set forth in the petition should be denied on the ground of such rescission. Gorman v. Salisbury, 1 Vern. 240; Pryce v. Dyer, 17 Ves. 356; Robinson v. Page, 3 Russ. 114; Stevens v. Cooper, 1 Johns. Ch. 425, 430; Buel v. Miller, 4 N. H. 196; Phelps v. Seely, 22 Grat. 573; Bowman v. Cunningham, 78 Ill. 48; Auer v. Penn, 92 Pa. St. 444.
But the amended reply shows that the alleged rescission was obtained by the fraudulent representations of Booth, acting by his fraudulent instrument, Walters, and the question is, what effect that should have on such agreement to rescind. Dung v. Parker, 52 N. Y. 494, is cited among other cases of a similar character, and relied on by counsel- for Booth, as showing that the proposition of Walters, stated in the amended reply, was within the statute of frauds, and hence the false representations afford no ground for avoiding the rescission. Aside from the fact that the decision has been explained and materially qualified in the same court (Rice v. Manley, 66 N. Y. 82), we are satisfied it has no application here, and that the court of common pleas properly held the chancellor should give no effect to a rescission obtained in the manner stated in the amended reply. That reply is far from being a model of concise pleading, but it is sufficient in substance, and hence the demurrer to it was properly overruled. Watson v. Erb, 33 Ohio St. 35. We have not the evidence before us, and hence are bound to presume that the allegations in the petition and reply were fully proved. And as, in the rendition of the judgment, Booth obtained credit for the sum of $1,000 which he paid, he is, of course, not entitled to have that sum returned to him. Allerton v. Allerton, 50 N. Y. 670. And see Byers v. Chapin, 28 Ohio St. 300.
Binding no error in the court of common pleas which has *410 not been waived, we hold that the judgment of that court was right, and that the district court erred in reversing it.

Judgment reversed.