MARY E. G. SHAW, Respondent, v. RICHARD WEBBER, Appellant.

*Negligence — damages resulting therefrom — when a release may be impeached without restoring the money paid therefor.*

Upon the trial of an action brought to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant, it was shown that the plaintiff had executed a release discharging the defendant from all claim for damages therefor, at the time of the execution of which the defendant paid the plaintiff $100.

It was contended by the plaintiff that the execution of such release was secured by fraud; that the plaintiff understood the $100 to be a present, and thought she was signing a receipt therefor.

On an appeal from a verdict in favor of the plaintiff,

*Held,* that under the circumstances the action was maintainable, and that the plaintiff could impeach the release without first restoring or offering to restore the $100 which she had received.

APPEAL by the defendant, Richard Webber, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of December, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, with notice of an intention to bring up for review on such appeal an order made on a motion heard upon the minutes at the New York Circuit on the 21st day of December, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial.

*L. E. Prendergast,* for the appellant.

*D. G. Harriman,* for the respondent.

FOLLETT, J.:

This action was brought to recover damages for a personal injury caused, it is alleged, by the negligence of the defendant and his servants. The defendant is a butcher having a retail store at No. 212 East One Hundred and Twentieth street, and for eight or nine years before January 1, 1890, the plaintiff had been a customer of the defendant at this shop, and on the date mentioned she entered the shop for the purpose of purchasing meat. The floor of the shop was covered with sawdust, and as the plaintiff approached a counter she slipped and fell, severely injuring her knee. She looked

for the cause of her fall and saw that she had stepped on a piece of fat or suet which was about a foot in length and about the width of her shoe. She testified that two or three of defendant's clerks helped her up, but not one of them was called to deny that she fell, and from the cause testified to by her. The evidence was sufficient to sustain the finding that the negligence of the defendant or his servants permitted a piece of suet or fat to be left on the floor and concealed from the view of customers by the sawdust. It was not asserted that the plaintiff, by negligence on her part, contributed to the accident, and the evidence was sufficient to sustain the finding that she was free from fault. The questions of defendant's negligence and of the plaintiff's freedom therefrom were not really litigated on the trial.

The defendant alleged in his answer that on the 17th of May, 1890, he paid the plaintiff $100, and that she, in consideration thereof, by a written release, executed under her hand and seal, discharged him from all claim for damages. She did execute and deliver such a release, but she testified that it was procured by fraud ; that some person called on her, when the following occurred : "A. Ma introduced me to him, and he asked me questions about my health, and then he said : 'I have here a present of $100 from Mrs. Webber,' and, handing me the money, he said : 'Now, this is from Mrs. Webber, a present from Mrs. Webber.' Then he handed me a paper and said : 'Please sign this,' and I was sitting in a chair at the time, not a chair like this, but a stuffed chair, and my foot was upon a stool, and he bent over and put the paper down and kept hold of the paper all the time, and I was on the point of taking it in my hand, and he said : 'That is merely used to show that you have received the money,' and my mother said : 'What is this ? What is it you wish her to sign ?' He said : 'Nothing at all. It is simply a receipt to show that she received the money,' and she said : 'That is it,' and still I hesitated to take it, and I was about to take the paper again, and he said : 'Oh, don't be afraid, that is merely a receipt to show that you have received this money, that is all.' Q. Did you sign ? A. Yes, sir ; than I signed it."

Her testimony was corroborated by her mother and was contradicted by the attorney who gave her the money and procured the release to be executed. He testified that he told the plaintiff that

the defendant sent her the money, and that he read and explained the release to her. It is conceded that the defendant's wife had on a previous occasion made the plaintiff a present of ten dollars, and had once been to see her during her sickness caused by her fall. The question whether the release was obtained by fraud and false representation, that the $100 was a gift from defendant's wife, was left to the jury, under instructions to which no exceptions were taken, and the issue was found in favor of the plaintiff. The defendant insisted on the trial, and insists on this appeal, that the plaintiff could not impeach her release or maintain this action, without first restoring or offering to restore the $100 which she received. The difficulty with this position is that the plaintiff testified that she never received a $100 from the defendant in settlement of her cause of action, or for any purpose, but that that sum was given her by defendant's wife, as was the ten dollars which she previously received. This being found to be true deprives the defendant's point of all force. This case is within the principle of *Cleary* v. *The Municipal Electric Light Co.* (47 N. Y. St. Repr. 172), affirmed by the Court of Appeals on the opinion of the General Term (139 N. Y. 643). In that case a servant brought an action against his master for a personal injury, and it was alleged and testified that, in consideration of $250 paid by the defendant to the plaintiff, the latter had released and discharged the cause of action. The plaintiff testified that the money was paid to and received by him as wages and not as a settlement of the cause of action, and that the release was obtained by false representations. In that case, as in this, it was argued that the action could not be maintained without restoring or offering to restore the money received. In discussing this question it was said: "The question of fact thus in issue was submitted to the jury under a charge that if the plaintiff received the money in satisfaction of the claim, or knowingly executed the general release, he could not recover. But if there was no agreement to compromise, and the plaintiff signed the release under the statement that it was a mere receipt for wages or gratuity, it was no bar to the action. It is conceded that the plaintiff never tendered a return of the money paid him." In that case, as in this, the plaintiff had a verdict, which was sustained by the General Term and by the Court of Appeals.

But a single exception taken to the admission or exclusion of evi-

dence is argued — an exception to the refusal of the court to permit the defendant's attorney to testify to the details of the conversation which he had, before the action was commenced, with the plaintiff's attorney in respect to the release. How much the plaintiff's attorney knew about the release, and how or when it was obtained, and the discussion had between the attorneys, were facts not relevant to any issue in the case.

The judgment and order should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.