(8 App. Div. 193)

### REYNOLDS v. WESTCHESTER FIRE INS. CO. et al.

(Supreme Court, Appellate Division, Third Department.  July 7, 1896.)

1. INSURANCE—PAROL CONTRACT.
   A parol contract to insure is valid, and where the premium has been paid the insured is entitled to recover for a loss.

2. EQUITY—CANCELING CONTRACT—RETURN OF.
   In an action to cancel a settlement of claim against defendant insurance company under a policy for less than the amount of loss, a request in the complaint that the amount received be credited and allowed to defendant on the amount due plaintiff is sufficient, without actually returning the amount paid her.

Appeal from special term, Saratoga county.

Action by Matilda H. Reynolds against the Westchester Fire Insurance Company and another to cancel a settlement between plaintiff and defendant insurance company, on the ground that it was procured by fraud.   The complaint was dismissed, and plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Jenkins & McArthur, for appellant.

L. E. Griffith, for respondents.

PARKER, P. J.   The substance of the averments in the plaintiff's complaint is:   That in January, 1893, she entered into a contract with the insurance company defendant that, in consideration of $30.56 previously paid to it by the plaintiff, it (such company) would insure her against loss or damage by fire on certain specified property, until noon of March 20, 1895, in the sum of $3,400; loss, if any, to be paid to Arthur W. Sherman, as mortgagee, as his interest might appear, the balance to be paid to the plaintiff; the further terms of the insurance, and of the policy to be issued, to be similar to those contained in the form of policy known as "Stand-

ard Fire Insurance Policy of the State of New York." That such contract was to be at once, reduced to the form of a written policy, and delivered to her by said company. That subsequently, on February 26, 1893, a fire occurred which destroyed the property so insured, and that she sustained loss and damage thereby to the amount of $2,900.

We must assume upon this appeal that all the averments of fact in the complaint are true (Sheridan v. Jackson, 72 N. Y. 170–172); and it therefore appears that at the time of the fire there was a contract of insurance existing under which this defendant was liable to pay the loss accruing to this plaintiff, to the extent of $3,400. A parol contract by an insurance company to effect an insurance by issuing a policy is valid; and, the premium having been paid, in the event of a loss a recovery for the loss of the property agreed to be insured will be awarded to the plaintiff. Such a contract is, in effect, a contract of insurance. Ellis v. Insurance Co., 50 N. Y. 402–405; Clarkson v. Assurance Co., 92 Hun, 527, 37 N. Y. Supp. 53. No question can be raised here as to the authority of an agent to make such a contract, nor as to the effect of the requirement in the standard policies that any waiver or modification of the terms of the policy made by an agent must be indorsed thereon. As the facts appear to us, this is a case of an original contract of insurance, made with the defendant through its duly-authorized agent, and it does not rest upon any claimed waiver of any of the terms or conditions of the policy of March 20, 1892. That policy was never a contract with this plaintiff, and the only agreement as to it, or any of its provisions, was that it was to be entirely abandoned, and another and different contract was entered into with this plaintiff. There can be no doubt but that the defendant could invest an agent with authority to make any contract of insurance that it could itself make, and such is the claim made in the complaint before us.

It is further claimed by the plaintiff that, after the fire, she was induced, by the fraudulent representations of an agent of the defendant, to abandon and settle this claim for $3,400, which she had thus acquired against the company, and in lieu thereof to take $1,000, and release and discharge the company from all further liability thereon. She avers that she received from such company such $1,000 by its payment to Sherman, as mortgagee, and that she did execute and deliver to defendant a release and discharge of all her claim under such contract. She now brings this action to set aside and vacate such settlement and release, and to recover from the company the whole amount justly due her by virtue of such contract. She has not repaid to the company the $1,000 so received, but, in her complaint, she asks that the amount thereof be credited and allowed to the company upon the amount so due and owing to her. The trial court held that the plaintff could not maintain the action without restoring to the company the $1,000 so received by her, and dismissed the complaint upon the opening of the case, and from the judgment entered thereon this appeal is brought.

So long as the settlement and release were outstanding, the plain-

tiff could not recover on the contract of insurance. In order to remove that bar, she was obliged to go into a court of equity, and establish the fraud under which it was procured. But, being in a court of equity, she may, if she makes a case for setting aside the release, proceed further to prove and recover upon the contract of insurance which she had made with the company. It is a familiar rule that full and complete relief may be given in the one action. In this action, therefore, the plaintiff claimed that she will prove (and we cannot assume that she will not), not only that she was induced to settle her claim against defendant by fraud, but that upon such claim the defendant was indebted to her in a much larger sum than the $1,000 paid her. In such an action it is not necessary to actually restore the amount which the plaintiff has received. It is sufficient if the judgment asked for and which may be rendered in the action can accomplish that result. This action is of such a nature that the equities of the parties can be fully adjusted by the judgment, and in such cases an offer to return is sufficient. Allerton v. Allerton, 50 N. Y. 670; Berry v. Insurance Co., 132 N. Y. 49–55, 30 N. E. 254; Vail v. Reynolds, 118 N. Y. 297–302, 23 N. E. 301. See, also, Belt v. Insurance Co., 148 N. Y. 624, 43 N. E. 64. We thus conclude that the opening of counsel, which in this case, we must assume, stated the same facts that are averred in the complaint (see Kley v. Healy, 127 N. Y. 555, 28 N. E. 593), stated not only ground for a rescission of the settlement, but also a good cause of action to recover from the insurance company a greater sum than the plaintiff had received. We also conclude that an offer to credit the amount so received upon the amount claimed from such company was sufficient, and that no actual repayment thereof was necessary. The plaintiff, therefore, should have been allowed to proceed to the proof of her case, and the dismissal of her complaint was error.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.