MARY T. O'MEARA, Plaintiff, v. THE BROOKLYN CITY RAILROAD COMPANY, Defendant.

*Release — the plaintiff may show facts (unpleaded) impeaching it — not precluded, by the specification of one defense, from showing others — laches.*

Where a release is put in evidence as a defense to the plaintiff's claim in an action to recover damages for personal injuries, the plaintiff may prove that she signed it, not knowing its contents, and that she was induced to do so by false representations, or any other facts tending to impeach it.

The fact that in an affidavit and notice the plaintiff has specified only one such defense, does not preclude proof of the others.

Whether the plaintiff has been guilty of *laches*, in failing to take steps to set aside the release, presents a question of fact to be considered by the jury after all the evidence is in.

MOTION by the plaintiff, Mary T. O'Meara, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the dismissal of her complaint, directed by the court after a trial at a Trial Term of the Supreme Court held in and for the county of New York on the 7th day of December, 1896.

*Thomas P. Wickes*, for the plaintiff.

*Thomas S. Moore*, for the defendant.

RUMSEY, J.:

The plaintiff brought this action to recover for injuries inflicted upon her by the negligence of the defendant's employees while she was a passenger upon one of its cars. The defendant alleged, among other things, as a separate answer to the cause of action, that before the commencement of the action the plaintiff had executed and delivered to the defendant a release in full of all claims she might have had against it by reason of the occurrence complained of. Upon the trial, after this release had been put in evidence, the plaintiff offered testimony tending to impeach it for various reasons. One of these was that at the time she signed it she did not know that it was a release, and was not informed of that fact. Another was that she was induced to sign the paper by false representations made to her by her attending physician as to the nature and extent of her

injuries, and that these representations were procured to be made by the agent of the defendant who negotiated for the release    To all evidence addressed to these points the defendant objected; its objections were sustained and the plaintiff was practically precluded from giving any evidence whatever touching the circumstances under which the release was executed, or the statements and representations made to her at the time the negotiation was had for it or at the time the paper was actually signed.

At the close of the testimony the plaintiff's complaint was dismissed and the court directed that the exceptions taken upon the trial be heard in the first instance in the Appellate Division.    The release, if valid, constituted a defense to the plaintiff's cause of action.    It was set up as such in the answer.    The plaintiff was not required to reply to this new defense, but by express provision of the statute the allegation of it in the answer was to be deemed controverted by her by traverse or avoidance as the case might require. (Code Civ. Proc. § 522.)    That provision of the statute gave to her the right, without any pleading, to rely upon every possible answer which she might have to the release, precisely as though it had been pleaded, and for the purpose of enabling her to insist upon those objections, any evidence which might tend to establish a valid objection to this defense was admissible.    (*Arthur* v. *Homestead Fire Ins. Co.*, 78 N. Y. 462.)    She might prove either that the nature of the paper was improperly represented to her, and that she had no opportunity to examine it; or that her mental condition was such that she was unable to appreciate its character; or that it was procured from her by false representations as to the facts which existed at the time she agreed to give it.    (*Dixon* v. *Brooklyn City & Newtown R. R. Co.*, 100 N. Y. 170; *Shaw* v. *Webber*, 79 Hun, 307.)    As she was not required to plead any of these defenses she was not precluded from relying upon any one of them because she had previously made and served upon the defendant an affidavit and notice alleging the existence of one defense, and saying nothing about another one.    Those papers might be material as evidence upon the question whether in fact any other ground for invalidating the release than the one set up in them existed, but they did not in any respect constitute a pleading which bound her to rely upon the facts stated in either of them, to the exclusion of any

other facts which might be sufficient to break down the defense set up against it. Whether under the circumstances of the case she was guilty of such *laches* in failing to take steps to set aside the release, as took away her right to it upon the trial of this action, could not be decided as a matter of law until all the facts had been presented to the court, and if those facts were in dispute in any respect, the question of *laches* would be one for the jury under proper instructions. Therefore, the evidence which she proposed to offer could not be excluded upon the ground that she was guilty of *laches* in attacking this release, because the facts disclosed by this evidence were the very facts necessary to appear to enable the court to say whether she was guilty of *laches* or not. Within these rules, all of which are well settled, the plaintiff was entitled to introduce evidence upon the trial which would show fully all the circumstances under which this release was given. She could prove her condition; what was said to her; by whom it was said; what was said in her presence, and every other fact connected with the transaction between herself and the agent of the defendant which led up to the release, so that the jury might know precisely her condition, the influences which surrounded her, and the circumstances under which the release was given, to enable them to conclude as to its validity. So also she was entitled to show, not only the representations which were made to her, but the circumstances under which they were made, and she was entitled to give to the jury any facts which would tend to show the motive with which those representations were made, if she was able to connect the defendant, through its agent, with this motive. None of these things was she permitted to prove. She offered to prove the information which was given by Dr. McCann, what conversation she heard between Wright, the agent of the defendant, and Dr. McCann with reference to his future employment by the railroad company; what money was to be paid to Dr. McCann, and her condition during the making of the agreement and at the time when the release was executed. All this evidence was excluded. Every particle of it was competent and material to enable the jury to say whether the release was executed under such circumstances that it should be impeached. For the error in excluding it there should be a new trial.

The plaintiff's exceptions are sustained and a new trial granted, with costs to the plaintiff to abide the result.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Exceptions sustained, new trial granted, with costs to the plaintiff to abide the event.