DAIKER et al v. STRELINGER et al.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. CANCELLATION OF INSTRUMENTS—FRAUDULENT REPRESENTATIONS.
In an action to set aside a contract for the exchange of certain land of plaintiffs for land of defendants in another state, it appeared that defendants induced the making thereof by representations as to the value of their land which were known to be false and fraudulent. *Held*, that as defendants not only had superior, but the only, knowledge on the subject, the representations could not be treated as mere expressions of opinion, but were statements of fact, which, being false, and intended to defraud, entitled the plaintiffs to relief.

2. SAME—EXCHANGE OF PROPERTY—TENDER.
In an action to cancel a contract for the exchange of lands, plaintiffs offered to restore the land received to defendants, and the record showed that they tendered a deed of the same on the trial. There were minor items calling for adjustment, including questions of rent and interest, as to which there was no tender, but the judgment rendered for plaintiffs properly adjusted

the matter. *Held*, that the tender, as made, was sufficient, and that a tender of the balance of cash to be allowed to defendants was not requisite.

3. SAME—JUDGMENT.

It appeared that, after defendants acquired title to plaintiffs' property, they placed on it three mortgages, which entirely exhausted the equity, and before the judgment was signed the property was actually sold to a third person under foreclosure. *Held* that, as it had thus become impossible to restore plaintiffs to their original position, a judgment for damages was proper.

Appeal from special term.

Action by Mina Daiker and another against Marie A. Strelinger and another. From a judgment for plaintiffs entered on the decision of the court after a trial at special term, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Benjamin N. Cardozo, for appellants.
William E. Wyatt, for respondents.

McLAUGHLIN, J. This action was brought to set aside a contract for the exchange of certain real estate, and a deed executed and delivered in pursuance thereof, upon the ground that they were procured and induced by the false and fraudulent representations made by the defendants. The plaintiffs, by their complaint, charged: That in August, 1895, they were the owners and in possession of certain real estate situate in the city of New York, of the value of $25,000, subject to a mortgage then thereon of $12,000. That the defendants, for the purpose of inducing the plaintiffs to exchange this real estate for certain real estate owned and possessed by them in the state of California, consisting of a ranch of 320 acres, and 6 lots in Paralta Park, falsely and fraudulently represented that the ranch was worth the sum of $36,000 over and above the mortgage thereon, and the lots in Paralta Park were worth $6,500 over and above all mortgages thereon; that the rent received from the ranch was $3,000 in 1894, and $2,700 in 1895; that the park was covered with good and substantial structures and residences, and had an hotel thereon. That the plaintiffs, relying upon these statements so made by the defendants, and believing the same to be true, entered into a contract, and in pursuance thereof did convey the real estate owned by them to the defendants, and received in exchange and as a consideration therefor a deed of conveyance of said ranch and lots. That such statements were wholly false and untrue, to the knowledge of the defendants, and were made by them for the purpose of inducing the plaintiffs to make the exchange. That the ranch was not worth more than $7,000, which was less than the mortgage then thereon. That the rent received from it during the years 1894 and 1895 was only $300. That the lots in Paralta Park were not worth more than $250, and that the park was not built up with substantial buildings; on the contrary, there was only one small building thereon, which was not used as an hotel, nor was it in any way occupied. The defendants by their answer denied substantially all the material allegations of the com-

plaint, except the making of the contract, and the execution and de-
livering of the deeds of conveyance in pursuance thereof. Upon the
trial the testimony offered on the part of the plaintiffs tended to
show: That on the 18th day of August, 1895, they were the owners,
subject to a mortgage of $12,000, of a certain house and lot in the
city of New York, which was of the value of at least $25,000. That
they were induced by defendants to enter into a contract to exchange
(and thereafter did, by deed of conveyance) this lot for certain lands
in California owned by defendants, consisting of a ranch of some 320
acres, and certain lots in Paralta Park, so called. That at the time
of the exchange the plaintiffs had no knowledge of the California
lands, or their value, which fact was known to the defendants. That
the defendants stated and represented that the value of the ranch,
over and above the mortgage thereon, was at least $36,000, and that
it would bring $35,000 at auction, but was really worth $50,000; that
they received $3,000 rent for it in 1895; that this was a low rent, but
that it was occupied by a former servant, who paid them a share of
the produce; that only one-third of it was under cultivation, and this
one-third brought in the rent which they received; that the lots in
Paralta Park were worth, in the aggregate, $6,500; that the park was
covered with good, substantial buildings; that it was "nearly all
built up with private residences"; that they produced a map of the
park, and pointed out where there was an hotel "worth a couple of
hundred thousand dollars"; that the reason why the defendants were
willing to make such a liberal exchange was because they had no
one to whom could be intrusted the collection of the rents, and that
one of the defendants could not return to California, because he had
killed a man there; that they were responsible people, worth a large
amount of money, and, if there was any trouble over the transaction,
they would make everything all right. That two names were given
to the plaintiffs, to whom they could telegraph in California as to
the value of this property,—one, the bank which held the mortgage
on the ranch, and the other, a man by the name of Meyers. That
telegrams were sent to each of them, and the bank answered, "Sur-
veyors estimate Curtis ranch nineteen thousand dollars, mortgage nine
thousand dollars, interest five hundred and twenty dollars, delinquent
taxes one hundred and fifty dollars," and the answer from Meyers
was, "Three hundred dollars." That the defendants explained the low
estimate of value stated in the telegrams by stating that in California
valuation was fixed according to what would be loaned on the prop-
erty, which was one-fourth of its value. That the defendants insisted
that the transaction should be closed at once, if closed at all. That
a contract was thereupon made, and deeds of conveyance shortly there-
after executed and delivered in pursuance thereof. That within a
few days after the delivery of the deeds the plaintiffs went to Cali-
fornia, looked over the ranch, and inspected the lots in the park. That
they then for the first time ascertained that the ranch was not worth
the amount of the mortgage then thereon; that the only income from
it in 1894 and 1895 was from grain, which amounted to $226.36 in
1894, and $217.13 in 1895. That they went to the park, and found
only one street had been cut through, and that the only building was

a cheap frame building, unoccupied. That the full value of the ranch was not more than $7,000, and the lots in the park not to exceed $200 apiece. The testimony of the plaintiffs was contradicted by the defendants, as to the statements and representations made by them concerning the value of the California property, and also in some other respects; but the trial court found the facts substantially as claimed by the plaintiffs, and awarded them a judgment of $9,000. From this judgment the defendants have appealed.

After a careful consideration of the record before us, we are unable to see how the trial court could have reached any other or different conclusion than it did. The evidence offered upon the trial tended to establish a clear cause of action for fraud and deceit. The plaintiffs had no knowledge of the value of the California property, and were compelled to and did rely on what the defendants said in respect thereto. Their statements were false, and were made for the purpose of cheating and defrauding the plaintiffs. It is, however, urged by the defendants' counsel that the statements made by the defendants as to the value of the property must be treated as the expression of opinion, and that even though they were false, and known to be false, they do not furnish a basis for a rescission of the contract; that there must be something more than an expression of opinion as to value, to entitle one to a rescission. It is undoubtedly true that a mere statement as to the value of property in negotiations for a sale, standing alone, where the subject of the representations is equally open to both parties for examination, furnishes no ground for relief; but here the defendants not only had superior, but the only, knowledge on the subject, and therefore the statements were something more than expressions of opinion,—they were statements of facts; and if such statements were false, and made with the intent to defraud, and did defraud, then they vitiated the transaction, and subjected the defendants to damages. White v. Loudon, 90 Hun, 218, 28 N. Y. Supp. 619, and 36 N. Y. Supp. 1135. And, in addition to the statements as to the value of the property, there were other gross misstatements of facts, prominent among which were the rents received. It is also urged that the plaintiffs did not entirely rely upon the statements of the defendants, and therefore they were not deceived by, and did not sustain any damages in consequence of, them. The mere fact that the plaintiffs would not close the transaction without sending the telegrams referred to, does not, of itself, prove that they were not influenced by the statements of the defendants. On the contrary, the information derived from these telegrams, taken in connection with the other evidence, would seem to establish clearly and conclusively that the plaintiffs did rely entirely upon the defendants' statements. According to the telegrams, the equity in the ranch was less than $10,000, and in the lots about $1,800. This was from one to two thousand dollars less than the equity of the plaintiffs in their property. It is therefore improbable that if the plaintiffs believed the information contained in these telegrams, and relied upon it, they would have made the exchange.

The appellants' counsel also insists that the judgment must be reversed because a sufficient tender and offer to return by the plaintiffs was not established upon the trial. The complaint, it will be observed, offered to restore to the defendants the California lands, and the record shows that they actually did tender a deed of the same upon the trial. This was all they were called upon to do, because the question of rent or interest was in the hands of the court to adjust in such a manner as it saw fit, and as the equity of the case required. It was not necessary, therefore, that the $137 referred to should have been returned òr tendered. The judgment rendered makes the proper restitution. Allerton v. Allerton, 50 N. Y. 670. Only $9,000 were awarded to the plaintiffs to compensate them for the damages which they had sustained, and there is abundant evidence to show that their loss was nearly or quite $12,000. A judgment for damages was proper. Indeed, it was the only relief that the court could grant, since it appeared that the defendants, after they acquired title to the plaintiffs' property, placed thereon three mortgages, aggregating $16,000, which entirely exhausted any equity therein, and made it impossible to restore plaintiffs to their original position. And it also appears from the record that after the trial, and before the judgment was signed, the property was actually sold to a third person under foreclosure of the first mortgage.

A further suggestion by appellants' counsel alone remains to be considered. He insists that "the statement in the decision of the court below that the plaintiffs, through no fault of theirs, are unable to return the California property, is wholly unsupported by the evidence"; and in this he is correct. ' There is no evidence to sustain such finding. But the appellants are not injured by it, and are not in a position to complain by reason of it. It will be remembered that the plaintiffs actually tendered a deed, and no evidence whatever was offered to the effect that they did not have the title. The tender, therefore, was apparently good. When it was made, defendants' counsel remarked: "It is necessary to show title. That they have not, as a matter of fact." This remark of counsel was not evidence, and could not be considered as such by the learned trial justice; but he inadvertently seems to have accepted it as evidence, and found accordingly. This he had no right to do, but, as already stated, the defendants were not injured by it, because the plaintiffs' tender was prima facie good, and was so considered at the time. The defendants did not attack or challenge it in any way. They did not move ,to dismiss the complaint upon that ground. On the contrary, when the plaintiffs rested, and the defendants' counsel made the remark above quoted, he then added, "Now, notwithstanding that tender, I move to dismiss," on other grounds specified by him. The motion made at that time to dismiss was renewed at the close of the whole case, and the only additional ground then stated was that the plaintiffs had failed to pay certain interests and taxes on the ranch, but there was no intimation that any infirmity of title had resulted by reason thereof.

The facts proved justified the relief granted, and for that reason the judgment ought not to be disturbed because of the erroneous finding.

After careful consideration of all the facts before us, we think the judgment was right. It is, however, proper that it should be modified to the extent of requiring the respondents to deposit with the clerk of the court, to and for the use of the appellants, the deed which was tendered by the plaintiffs to the defendants upon the trial of the action, and as thus modified the judgment appealed from should be affirmed, with costs. All concur.