the rule laid down in Lyons v. Avis, 5 App. Div. 193, 38 N. Y. Supp.
1104. The cases of Dipaolo v. Third Ave. R. R. Co., 55 App. Div.
566, 67 N. Y. Supp. 421, and Bengivenga v. Brooklyn Heights R. R.
Co., 48 App. Div. 515, 62 N. Y. Supp. 912, do not apply. In the first
of these cases, it appeared that the plaintiff, as a street sweeper in the
employ of the city, had been working in and about defendant's tracks
for some two years, and that it had been the custom of the motormen
to sound a gong as cars were approaching street sweepers on the
track. In the second place, the plaintiff was struck while placing a
shovel of hot asphalt between the rails of the track. Under the pe-
culiar circumstances of the case, it was said:

"The defendant was chargeable with notice of the fact, both by its contract
to repair the street and its actual condition, that workmen were upon the
track at this point, and were required to be in order that the work might
proceed. * * * As the prosecution of the work required that the asphalt
should be deposited while hot, it is quite evident that the operation of the car
was to be had with regard to the plaintiff's being between the rails of the
track, and we think that the plaintiff might rely upon the presumption that
the operator of the car would stop the same when it reached the point where
he was upon the road," etc.

The case at bar is entirely different. Plaintiff's work was not done
upon or between the tracks, but 30 inches away from them. He had
sufficient space upon which to remain in safety if he straightened him-
self up. In fact, a part of the car had passed him before he was struck.
No custom was established, pursuant to which he might have relied
exclusively upon a warning to be given to him by defendant's serv-
ants, nor was it made to appear that the particular work upon which
he was engaged, and in which in no way concerned the defendant,
had progressed for such a length of time that he could claim that the
defendant should have taken notice of it, and regulated the running
of the car with reference to it, and thus absolved him from the duty of
looking out for himself.

The judgment and order should be reversed and a new trial or-
dered, with costs to the appellant to abide the event.

---

FLEMING v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. RELEASE—EVIDENCE—SUFFICIENCY.
    Testimony by plaintiff and her daughter that a release of a claim for
    damages for personal injuries was executed by her a day or two after
    her injuries solely upon the representation of defendant's agent that
    plaintiff's physician had sent him to plaintiff to make the settlement, and
    had stated that she would be well in a day or two, and that plaintiff
    thereupon, sent for her physician, but the agent insisted that he was telling
    her the truth, and was in a great hurry, so that she finally consented to,
    and did, execute the paper before her physician came, sustained a finding
    that the release was obtained by fraud.

2. SAME—IMPEACHMENT OF RELEASE.
    A release of a claim for damages for personal injuries may be impeached
    for fraud on the trial of an action for damages for the injuries.

---

¶ 2. See Release, vol. 42, Cent. Dig. §§ 32, 44.

Appeal from Trial Term, Kings County.

Action by Mary Fleming against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

I. R. Oeland, for appellant.

Abram H. Dailey (Melville J. France, on the brief), for respondent.

HIRSCHBERG, P. J.  We think the finding of the jury that the release pleaded by the defendant was procured from the plaintiff by false and fraudulent representations was supported by sufficient evidence. The action is for personal injuries sustained by the plaintiff while a passenger upon one of the defendant's trolley cars on the 10th day of July, 1901. The release executed by her is dated on that day, but appears to have been executed on the first or second day after the accident. It was procured by one of the defendant's agents, who called upon her for that purpose at her daughter's house, where she was in bed, suffering from her injuries, and who, according to her story, induced her to sign it by representing that he had been sent to her by her physician to make the settlement, with the assurance from the doctor that she would be well in a day or two, and able to go home. She was fully corroborated in her story by her daughter. The physician testified that he had no conversation with the defendant's agent, except to tell him where the plaintiff lived; that he sent no message to the plaintiff, did not state that she was not much injured, or would be well in a day or two, and did not say to the agent that it would be all right to settle the claim, or make any other statement upon that subject. The plaintiff sent for the doctor before she signed the release, but, upon the agent's assurance that he was telling her the truth, and that he was in a great hurry, and had no time to wait, finally consented to, and did, execute the paper before the doctor came, in the belief that the representations were true. If the jury adopted the plaintiff's story as the truth, as must be assumed from the verdict, it cannot be said that the rejection of the release as a defense was without adequate support.

It is well settled that a release so procured may be impeached upon the trial by the plaintiff for fraud or misrepresentation. Shaw v. Webber, 79 Hun, 307, 29 N. Y. Supp. 437, affirmed 151 N. Y. 655, 46 N. E. 1151; Dixon v. Brooklyn City & Newtown R. R. Co., 100 N. Y. 170, 3 N. E. 65; O'Meara v. Brooklyn City R. R. Co., 16 App. Div. 204, 44 N. Y. Supp. 721; Grockie v. Hirshfield, 50 App. Div. 87, 63 N. Y. Supp. 365; Yaple v. New York, Ontario & W. R. R. Co., 57 App. Div. 265, 68 N. Y. Supp. 292.

No question was raised upon the trial, or presented upon this appeal, as to any duty or obligation resting upon the plaintiff to restore or to offer to restore the insignificant sum received by her upon the execution of the release.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.