## SMITH v. WHITRIDGE.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

RELEASE (§ 15*)—VALIDITY—MENTAL CAPACITY.

    That plaintiff was ill and suffering pain when he executed a release of a claim for personal injury does not show mental incompetency, invalidating the release, where no fraud or misrepresentation was used to induce the execution.

    [Ed. Note.—For other cases, see Release, Cent. Dig. § 30; Dec. Dig. § 15.*]

Appeal from Trial Term, New York County.

Action by Robert Smith against Frederick W. Whitridge, as receiver of the Union Railway Company of New York City. From a judgment for plaintiff, and from an order refusing a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Bayard H. Ames, for appellant.
Cornelius J. Earley, for respondent.

MILLER, J. This is an action for personal injuries. The defendant pleaded and proved a general release, which, it is conceded, was executed by the plaintiff and delivered to the defendant in consideration of $325 paid by the defendant to the plaintiff's attorney.

Soon after his injury the plaintiff retained an attorney, who entered into negotiations with the defendant to settle the case, and sent a representative, one Langeman, to the plaintiff, who was then in a hospital, to obtain the latter's consent to the settlement, and to procure him to execute a release in case he consented. The plaintiff admits that Langeman said that he was the representative of said attorney, and directed the plaintiff to read the paper, which he was asked to execute; but his claim is that he was then suffering pain, and was so anxious to get rid of Langeman that he signed the release without knowing what it was. He would not deny, however, that Langeman told him that the paper was a release.

---

There is no claim that the plaintiff was induced by any fraud or misrepresentation of the defendant to sign the release. The plaintiff rests his case upon the proposition that he was mentally incompetent. But the mere fact that he was ill and suffering pain did not prove that he was incompetent. Indeed, his testimony leads to the conclusion that he could have understood the release, had he taken the trouble to read it, but that, because of his pain, he did not wish to be annoyed, and so signed the release to get rid of Langeman. That testimony falls far short of establishing mental incompetence, and cannot suffice to destroy the force and effect of a release, if such an instrument is to be accorded any force at all. As the plaintiff's evidence failed to show that he was mentally incompetent to understand what he was doing, it is unnecessary to consider whether, under the circumstances in this case, he could avoid the release without returning, or offering to return, the consideration for it.

This is not the case of a release obtained from a sick man by some trick, artifice, or fraud practiced by the defendant. The jury were permitted to find for the plaintiff in case they found that he did not know the contents of the instrument which he signed; whereas the motion of the defendant for the direction of a verdict should have been granted. That conclusion renders it unnecessary to review the evidence respecting the defendant's negligence and the plaintiff's freedom from contributory negligence, though we are of the opinion that the verdict on that branch of the case is plainly against the weight of the evidence.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.