### JOSLYN v. EMPIRE STATE DEGREE OF HONOR.

(Supreme Court, Appellate Division, Third Department.    May 3, 1911.)

1. INSURANCE (§ 801*)—MUTUAL BENEFIT—RELEASE—RESCISSION—RETURN OF CONSIDERATION—NECESSITY OF ALLEGATION.

   Where the beneficiary in an insurance policy compromised with the insurer and executed a release, a petition to set aside the release for fraud and recover on the insurance policy is sufficient, though not offering to return the consideration of the release, where it requests that amount to be deducted from the judgment.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1984; Dec. Dig. § 801.*]

2. INSURANCE (§ 801*)—RELEASE (§ 24*)—MUTUAL BENEFIT—RESCISSION—RETURN OF CONSIDERATION—NECESSITY OF ALLEGATION.

   Where it is sought to impeach a release for fraud, a complaint must allege a tender or a willingness to return the consideration for the release, unless the fraud be in the execution of the instrument itself, as where a release is signed under duress, and hence a release given by the beneficiary of an insurance policy on the life of her son for fear that the insurer would carry out its threat of exhuming and concealing the son's body may be attacked without any offer to return the consideration.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1984; Dec. Dig. § 801;* Release, Cent. Dig. § 45; Dec. Dig. § 24.*]

3. CONTRACTS (§ 266*)—RESCISSION—CONDITIONS PRECEDENT—RETURN OF CONSIDERATION.

   An offer to return the consideration of an instrument sought to be impeached for fraud, etc., is not a condition precedent to the institution of a suit, but is a condition of granting relief.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1186; Dec. Dig. § 266.*]

   Smith, P. J., dissenting.

Appeal from Special Term, Chemung County.

Action by Myrtie A. Joslyn against the Empire State Degree of Honor. From a judgment overruling a demurrer to plaintiff's complaint, defendant appeals. Affirmed, with leave to withdraw the demurrer.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

E. W. Miller, for appellant.
Frank C. Ogden, for respondent.

SEWELL, J.    The defendant is a co-operative insurance company and the plaintiff is the beneficiary named in a policy of insurance for $1,000 upon the life of one Samual J. Joslyn.

The complaint alleges, among other things, the policy, the death of the insured, and all that is essential to make out a cause of action under the contract. It then alleges that, subsequent to the death of the insured, one L. W. Pierce, the vice president of the defendant, acting for and in behalf of the defendant, and with intent to deceive the plaintiff and to frighten, coerce, and force her into a settlement of her claim against the defendant, stated to her that if she did not accept $500 in full settlement of the policy or benefit certificate, and deliver

the same to him and release the defendant, "that the said Pierce and the said defendant would have her son's remains disinterred and removed from his grave so that said defendant might be able to further prove that the said Samual J. Joslyn died by suicide and the said Pierce further stated to said plaintiff that the remains of her said son, Samual J. Joslyn, would never be replaced in his grave, and that she would never know what became of them." The complaint further alleges that the said plaintiff believed and relied upon said statements, and was fearful that the defendant would carry out the threats of removing her said son's remains, and was frightened and coerced into receiving $500 as a full settlement of the moneys due her under and by virtue of the policy. It is also alleged:

"That by means of such false and fraudulent statements and by means of such threats and cruel and willful misrepresentations, and by means of such coercion and duress, the said L. W. Pierce, said vice president of said defendant, and who was acting for said defendant, compelled the said plaintiff to receive from him the sum of five hundred dollars ($500.00) as a so-called alleged settlement of the moneys due said plaintiff under said beneficiary certificate, and * * * by means of such corrupt and willful acts and by means of such threats, coercion, and duress compelled said plaintiff to deliver to him and surrender up to him said policy of insurance and beneficiary certificate so issued by said defendant and delivered to said Samual J. Joslyn, as hereinbefore alleged."

The plaintiff asks:

"That the so-called alleged release and settlement made between said defendant and said plaintiff as aforesaid be rescinded, vacated, and set aside, and that the defendant may be given credit for the sum of five hundred dollars ($500.00) paid to plaintiff upon said alleged settlement to apply upon the amount due the plaintiff on said certificate, and that plaintiff may have judgment in her favor and against said defendant for the sum of five hundred dollars ($500.00), the balance thereof, with interest thereon from the 1st day of June, 1910."

The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

[1] The theory of the defendant is that the plaintiff is bound to allege a return or a willingness to return the money paid by the defendant. The complaint in this case is within the scope of the ruling in Reynolds v. Westchester Fire Ins. Co., 8 App. Div. 193, 40 N. Y. Supp. 336, where the complaint alleged that the plaintiff was induced by the fraudulent representation of an agent of the defendant to abandon and settle a claim against the company for $3,400, and, in lieu thereof, to take $1,000, and release and discharge the company from all further liability thereon. The relief sought was to set aside and vacate the settlement and release, and to recover the whole amount justly due the plaintiff by virtue of the contract. The plaintiff did not allege a tender of the amount received, but asked that the amount thereof be credited and allowed to the company upon the amount so due and owing to her. It was there held that it was not necessary to actually restore the amount which the plaintiff had received, that it was sufficient if the judgment asked for, and which might be rendered in the action, can accomplish the same result.

[2] If, however, we assume that this action is of such a nature that the equities of the parties cannot be fully adjusted by the judgment, we are of the opinion that it was not necessary for the plaintiff to allege a return or to offer in the complaint to return the $500 received. It has been repeatedly held that, where a party seeks to impeach a release or other instrument for a misrepresentation as to collateral matters, he must return, or offer to return, the money or property received under it before he can maintain an action, but that rule is not applicable to a case of fraud in the execution of the instrument itself; that is to say, where the instrument was misread to the party signing, where there was a surreptitious substitution of one paper for another, where the nature of the instrument signed was not fully understood or where, as alleged in this case, fraud and constraint overcame the will of the plaintiff, and caused her to execute a release and make a settlement contrary to her will and inclination. It seems to be well settled that, where such fraud exists, it may be shown upon the trial in an action at law and an offer to restore is not necessary. Shaw v. Webber, 79 Hun, 307, 29 N. Y. Supp. 437, affirmed 151 N. Y. 655, 46 N. E. 1151; O'Meara v. Brooklyn City R. R. Co., 16 App. Div. 204, 44 N. Y. Supp. 721; Grockie v. Hirshfield, 50 App. Div. 87, 63 N. Y. Supp. 365; Fleming v. Brooklyn Heights R. R. Co., 95 App. Div. 110, 88 N. Y. Supp. 732; Cleary v. Municipal Electric Light Co., 19 N. Y. Supp. 951, affirmed 139 N. Y. 643, 35 N. E. 206; Dixon v. Brooklyn City & Newtown R. R. Co., 100 N. Y. 170, 3 N. E. 65; Kirchner v. N. H. S. M. Co., 135 N. Y. 182, 31 N. E. 1104; Belt v. Amer. Cen. Ins. Co., 148 N. Y. 624, 43 N. E. 64.

[3] It is also to be observed that it has been expressly held that an offer to restore is not a necessary ingredient of a cause of action for the rescission of a contract and that a demurrer will not lie for the omission to insert such an offer in the complaint. In Hay v. Hay, 13 Hun, 315, a demurrer based upon the absence of such an allegation was overruled. The court held that, while the condition to return the property received will be imposed whether there be an offer to restore in the complaint or not, it must be considered a condition of granting relief, not of instituting a suit.

That an offer to restore is not a necessary ingredient of the cause of action was also held in Halpin v. Mutual Brewing Co., 20 App. Div. 590, 47 N. Y. Supp. 417, where the court said:

"The proper course in equity in cases where the plaintiff seeks the rescission of a contract under which he has received property is to offer in the complaint to restore it to the defendant; but such an offer is not indispensable. The court in its decree may provide for restitution as a condition of granting the desired relief,"

—and cited Kley v. Healy, 149 N. Y. 346, 44 N. E. 150.

The doctrine of this case was recognized and reaffirmed in Pritz v. Jones, 117 App. Div. 643, 102 N. Y. Supp. 549. If the foregoing views be correct, the interlocutory judgment overruling the demurrer should be affirmed, with costs and disbursements to the respondent, with leave to the appellant to withdraw demurrer and to an answer upon payment of the costs of appeal and of the demurrer.

Interlocutory judgment affirmed with costs, with usual leave to appellant to withdraw demurrer, and answer upon payment of costs of demurrer and of this appeal. All concur, except SMITH, P. J., dissenting in opinion.

SMITH, P. J. (dissenting). In Gould v. Cayuga County National Bank, 86 N. Y. 75, the headnote in part reads:

"One who seeks to rescind a compromise of a disputed claim on the ground of fraud must promptly, on the discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of it, if of any value. The tender must be without qualifications or conditions.

"In an action at law upon the original claim, plaintiff must show that he rescinded the fraudulent compromise prior to the commencement of the action. If no rescission is shown, a final determination by the court that plaintiff was entitled to more than the sum paid is no answer to the objection.

"It seems that the rule is different where the compromise was of an undisputed claim.

"It seems, also, that an equitable action to rescind may be brought without such restoration, the plaintiff offering, in his complaint, to restore, if not entitled to retain what he has received."

In this case the opinion, at page 83 of 86 N. Y., reads:

"But the defrauded party need not rescind and sue in an action at law for the consideration parted with upon the fraudulent contract. He may bring an action in equity to rescind the contract, and in that action may have full relief. Such an action does not proceed as upon a rescission, but proceeds for a rescission. In such a case it is sufficient for the plaintiff to offer in his complaint to restore to the defendant what he has received, and the rights of the parties can be fully regulated and protected in the judgment to be entered. Such was the case of Allerton v. Allerton, 50 N. Y. 670."

At page 84 of 86 N. Y., Judge Earl states his conclusion in these words:

"One situated like the plaintiff can rescind by tendering or restoring what he has received, and then commence his action. He may keep what he has received and sue to recover damages for the fraud; or he may commence an action in equity to rescind and for equitable relief, offering in his complaint to restore, in case he is not entitled to retain, what he has received. These actions are all fundamentally different."

In McMichael v. Kilmer, 76 N. Y. 36, the rule is stated:

"Where a man is paid expressly as a compromise of an account, and not because it was conceded to be due, the party receiving the payment cannot set aside and cancel a release given by him, on the ground of fraud, and yet retain the whole consideration therefor. If the release is to be canceled, the parties should be put in statu quo as far as possible."

In Cleary v. Municipal Electric Light Company, 19 N. Y. Supp. 951, in an action brought for injuries received by the negligence of the defendant, the defendant set up a general release upon payment of a certain sum of money. The court charged:

"That if plaintiff received the money in settlement, or knowingly executed the release, he could not recover; but if there was no agreement to compromise, and he signed the release under a statement that it was a mere receipt for wages or gratuity, it was no bar, and refused to charge on request that if plaintiff executed the release he could not recover. Held 'no error.' The rule that, where a party seeks to rescind a contract on the ground of fraud or imposition, he must tender a return of what he received

under it before he can maintain an action, does not apply where he does not seek a rescission, but denies making such contract, and claims that his signature was obtained by deceit as to the contents of the paper."

Judge Cullen, in writing the opinion in that case, says:

"Therefore in this case if the plaintiff had admitted the compromise or his execution of the release, but claimed that he had been induced to make the compromise by fraud, duress or imposition, he would have been bound to return the consideration received before he could maintain his action. But that was not the issue in the case. Plaintiff did not seek to avoid the contract of compromise. He denied making any such contract."

This case was affirmed by the Court of Appeals in 139 N. Y. 643, 35 N. E. 206, upon the opinion of Justice Cullen. Among all the cases cited by my learned associate in the prevailing opinion there is not one which holds a contrary doctrine. In the case of Reynolds v. Westchester Fire Insurance Co., 8 App. Div. 193, 40 N. Y. Supp. 336, the complaint offered to restore what had been received under the contract. In the other cases cited either the question was not raised and discussed by the opinion, or a distinction was found as appears in the Cleary Case above cited.

In the light of these rules of law, the plaintiff's complaint seems to me clearly defective. It first states the cause of action for insurance. It then states that the plaintiff was induced to compromise the same by the fraud and duress of one of its officers. There is no question that the release was signed and the compromise made. The plaintiff only seeks relief by rescinding the compromise. This she does not claim to have done, but asks in her complaint specifically "that the so-called alleged release and settlement made between said defendant and said plaintiff as aforesaid be rescinded, vacated, and set aside," and this without any offer whatever to return the $500; but she asks that said $500 may be credited upon the amount subsequently found due to her, and she have judgment for the remaining $500. If upon the conceded facts there was at least $500 due to her, this would be a sufficient complaint; but no facts are here conceded which would entitle her to the $500 paid if the compromise be set aside. This is made by the plaintiff a cause of action in equity, and within the authorities above cited the complaint would seem to be defective in not alleging an offer to return the $500 received upon the compromise.