its quality and quantity or after full opportunity to do so and having paid for it, the well-settled rule of law must govern that such acceptance and payment, under an executory contract such as this one was, precludes the vendee from subsequently obtaining damages for alleged defects therein, unless such damages are based upon a warranty. Coplay Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335; Studer v. Bleistein, 115 N. Y. 316, 324, 22 N. E. 243, 5 L. R. A. 702.

The further principle should be held to apply that, where a purchaser receives goods knowing the quality thereof and never offers to return the same and never gives the seller notice or oppurtunity to take it back, the purchaser must be conclusively presumed to have acquiesced in the quality. Mason v. Smith, 130 N. Y. 474, 480, 29 N. E. 749; Waeber v. Talbot, 167 N. Y. 48, 57, 60 N. E. 288, 82 Am. St. Rep. 712.

There is no allegation of warranty in the complaint; but, even if there were, that would not extend to known defects. In view of the fact that the complaint contains no allegation that the defendants conspired with the clerk of the prisons or that he was guilty of any fraudulent act in respect to the matter, and with the presumption that he fully performed his duty, it must be held, in view of the principles of law above mentioned, that the complaint is insufficient, and the defendants are therefore entitled to have their motion granted, with costs. Leave, however, should be granted to the plaintiffs to amend the complaint upon the payment of such costs if they should be so advised.

Ordered accordingly.

(155 App. Div. 382.)

SCULLY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

1. APPEAL AND ERROR (§ 866*)—DISMISSAL OF COMPLAINT—EVIDENCE.
   On appeal from the dismissal of a complaint at the close of plaintiff's case, plaintiff's evidence must be considered as though undisputed, and be given its fullest legitimate effect.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3467–3475; Dec. Dig. § 866.*]

2. RELEASE (§ 24*)—FRAUDULENT PROCUREMENT—RETURN OF MONEY.
   Where a carrier on the day after the accident, and while the injured passenger is mentally confused, induces her through the fraudulent representations of its agent to sign a release without reading it, in the belief that it is a receipt for a small sum left to pay for medicine, a return of such money by the passenger is not a condition precedent to her right to sue for her injuries.
   [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 41–46; Dec. Dig. § 24.*]

   Jenks, P. J., and Woodward, J., dissenting.

Appeal from Kings County Court.

Action by Rose A. Scully against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint, and ˺ ͏ial of a new trial, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, B⟩ WOODWARD, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. &·Am. Digs. 1907 to date, & Rep'r Inde\

John D. Barben, of Brooklyn, for appellant.

James W. Carpenter, of Brooklyn, for respondent.

HIRSCHBERG, J.  The action is to recover damages for personal injuries sustained by the plaintiff while a passenger on one of the defendant's cars on Saturday, May 19, 1906.  On the day after the accident a representative of the defendant called on the plaintiff and procured a release from her, and in consequence thereof the court, at the close of the plaintiff's case, dismissed the complaint.

[1, 2]  The dismissal of the complaint was clearly contrary to the settled law of this state.  The learned trial court in granting the motion to dismiss stated that "taking the evidence most favorably to the plaintiff there was a gross fraud," but that he felt constrained by the decision in the case of Urtz v. N. Y. C. & H. R. R. R. Co., 137 App. Div. 404, 121 N. Y. Supp. 879, to nonsuit, presumably because the plaintiff had failed to return to the defendant, or to offer to return, the trifling sum which was paid to her by the defendant's representative as a pretext for the procuring of the release.  The case cited, however, has no application to the case at bar.  Although tried as an action for the original negligence, it was brought to recover damages for the fraud perpetrated in the compromise of the plaintiff's claim. The plaintiff received a certain sum of money in that case in settlement of her claim for damages arising from negligence, and knowingly executed a release for the claim, and it was held that she could not retain the money which had been paid to her in settlement of the claim, and at the same time sue for the damages resulting from the compromise alleged to have been effected by the defendant's fraud.  The reversal was based upon the ground that the trial as conducted was for the negligence, and was not a trial of the action instituted by the plaintiff, the court saying (137 App. Div. 407, 121 N. Y. Supp. 881):

"If the trial had been conducted and the recovery had upon the cause of action set out in the complaint, very likely the result would have been proper within the cases of Gould v. Cayuga County Nat. Bank, 86 N. Y. 75, and [Id.] 99 N. Y. 333 [2 N. E. 16]."

In the case at bar we must take the evidence on behalf of the plaintiff as undisputed, and give to it its fullest legitimate effect.  In that view, the release was made without the plaintiff's knowledge, without any reason on her part to believe that a release had been given, and it was procured by palpable fraud.  The defendant's representative called on her the day after the accident, on Sunday, when, the evidence shows, she was in a condition of much mental confusion.  He left the sum of $6 for the expressed purpose of buying medicines, and asked her to "sign for the money," saying that he must have a paper of that kind to turn into the defendant's office.  She signed the paper in apparent belief in the truthfulness of his statement; but, when the paper was produced on the trial, it turned out to be a release of the claim, executed under seal and acknowledged before the defendant's representative as a commissioner of deeds, and dated the following day, Monday the 21st, the very day that this action was commenced. The paper recited the payment of $5 as the consideration, instead of

$6. The fact that the plaintiff took the representative's word that the document was only an acknowledgment of the payment of the medicine money is not controlling against her. She was not obliged at all hazards to read the paper under the circumstances, assuming that she acted in good faith and did, as the evidence tends to show, believe in good faith that the document was only a receipt for the medicine money. That in such a case the question of the validity and integrity of the release is for the jury has often been decided in this state, and I know of no decision to the contrary. In Cleary v. Municipal Electric Light Co., 19 N. Y. Supp. 951,[1] a sum of money was paid to the plaintiff while in a hospital because of his injuries, and a release taken. The plaintiff claimed that the statement made to him was that the money was paid to him as wages, he being an employé of the defendant at the time, and that he was asked to sign the document merely as a receipt for the wages. The court held that in such circumstances the rule requiring a return of the money does not apply, and that a release has no efficacy when procured by deceit as to the contents of the paper. The case was affirmed in the Court of Appeals (139 N. Y. 643, 35 N. E. 206) on the opinion of the General Term in this Department.

In Fleming v. Brooklyn Heights R. R. Co., 95 App. Div. 110, 88 N. Y. Supp. 732, this court held unanimously that, when the defendant in an action to recover damages for personal injuries pleads as a defense a release executed by the plaintiff, the latter on the trial may impeach such release by proof that it was obtained by fraud or misrepresentation. In that case, it is true, no question was raised as to the duty of restoring or offering to restore the money received on the execution of the release, but that such restoration or offer to restore is unnecessary as a condition precedent to the maintenance of an action on the original claim is held in some of the authorities therein cited.

In Dixon v. Brooklyn City & Newtown R. R. Co., 100 N. Y. 170, 3 N. E. 65, it was held that, where there was testimony showing that plaintiff at the time he signed a release of the claim was mentally incompetent to appreciate the character of the instrument, the question of the validity of the document was properly left to the determination of the jury.

In Shaw v. Webber, 79 Hun, 307, 29 N. Y. Supp. 437, it was shown upon the trial of an action brought to recover damages for personal injuries that the plaintiff had executed a release in consideration of the payment of a certain sum of money to her. It was contended by the plaintiff, however, that she understood that the money was paid to her as a present, and that she signed the document at the request of the defendant's representative only to show that she had received the money. The court held that in the circumstances the action on the original claim was maintainable, and that the plaintiff could impeach the release without first restoring or offering to restore the money which she had received.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 65 Hun, 621.

Where a release is signed by a party without reading it, and no false statement or suggestion is made as to its contents or purport on behalf of the party procuring its execution, a different question is presented. See Smith v. Whitridge, 140 App. Div. 484, 125 N. Y. Supp. 503. But, when a statement is made as to the nature and object of the document tending to indicate that it is a mere receipt or acknowledgment of money paid for a purpose other than a settlement of the claim, the party thus fraudulently procuring a release cannot urge as a defense that its victim should not have believed the statement, and was compellable to read the paper before signing, or be bound by its contents, however alien to the real transaction.

It follows that the judgment and order should be reversed.

Judgment and order of the County Court of Kings County reversed and new trial ordered, costs to abide the event. BURR and RICH, JJ., concur. WOODWARD, J., reads for affirmance, with whom JENKS, P. J., concurs.

WOODWARD, J. (dissenting). There is no claim of fraud, no suggestion that the defendant's claim adjuster did or said anything to mislead the plaintiff. She signed the release for a valuable consideration, and did this in the presence of her husband, and, if she did not read it or ask as to its contents, it is not the defendant's fault. She could not accept and retain the consideration for the release, and then bring an action to recover for the claim that she had released. She must surrender all benefits before she has any standing in an action at law upon her claim. Shaw v. D., L. & W. R. R. Co., 126 App. Div. 210, 110 N. Y. Supp. 362; Urtz v. N. Y. C. & H. R. R. R. Co., 137 App. Div. 404, 121 N. Y. Supp. 879.

The judgment and order appealed from should be affirmed, with costs.