## BELLETTIERE v. LAWLOR.

### (Supreme Court, Appellate Term.   April 24, 1905.)

1. DECEIT—SALES—ACTION FOR DAMAGES—PROOF.

   Where, in an action for fraud inducing the sale of a tonsorial business to plaintiff, consisting of a representation that the gross receipts of the business for the previous year averaged from $60 to $65 per day, plaintiff's sole witness as to the falsity thereof was a barber who had been employed in the shop for upwards of a year prior to the sale, who stated that he could not tell what the daily receipts were, and there was no evidence on which to base the estimate of damages, a judgment in favor of plaintiff was erroneous.

2. MUNICIPAL COURT—EQUITY JURISDICTION—RESCISSION OF CONTRACT.

   A Municipal Court of the City of New York has no jurisdiction of an equitable suit to rescind a contract.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Joseph Bellettiere against John W. Lawlor. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT, and GREENBAUM, JJ.

Julius D. Tobias (Isaac Josephson, of counsel), for appellant.
Andrew J. Smith, for respondent.

GREENBAUM, J.   This action was brought to recover the sum of $500 as damages for fraud.   It was alleged that plaintiff was induced to purchase of defendant a barber shop business, consisting of stock, fixtures, and good will, for the sum of $500, relying upon the false and fraudulent representations of the defendant that the business was a profitable one; "that the gross receipts had averaged during the year previous from sixty to sixty-five dollars," presumably per day, as testified to by plaintiff; that said representations were false and untrue, and so known to be by defendant, and that the plaintiff was thereby damaged in the sum of $500.

The alleged representations were established upon the trial, but the plaintiff failed to sustain the burden of proof in two essential respects:   First, in omitting to show that the gross receipts of the business had not averaged from $60 to $65 per day during the previous year; and, secondly, in neglecting to give any proof which would furnish a basis for estimating damages.   The only witness called to prove the falsity of the representations was a barber who had been employed in the shop for upwards of a year previous to the sale, but who repeatedly stated that he could not tell what the daily receipts were; that he "did not bother with that"; that, if he should say "$40 or $50 or $60, I must lie.   I say that I did not bother with it, and that is all.   *   *   *   I don't know anything, and I did not work myself on commission.   I got a steady salary, and not a commission,   *   *   *   and I was working in the front and in the cigar store and all around."   This witness, in the course

of considerable prodding, stated that $9 was "about the highest" sum taken in per day, and that sometimes it would be $6, $7, or $8. Fraud will not be presumed, and it is incumbent upon the plaintiff to furnish reasonably satisfactory evidence thereof. On the question of damage, the proof is altogether deficient. No testimony of any kind bearing upon the subject of damages was offered.

The learned justice and the counsel for the plaintiff apparently tried the case as though it were one for rescission of contract, an action in equity not cognizable in the Municipal Court.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.