SICKLICK v. INTERURBAN HOME CO. (two cases).

(Supreme Court, Appellate Term. April 29, 1909.)

FRAUD (§ 12*)—FRAUDULENT REPRESENTATIONS—LIABILITY.

False representations, by the agent of a vendor of lots several miles from a city and two miles from a railroad station, to a prospective purchaser, that the vendor was building cars and laying tracks, that he was building a station on the premises, that he had contracts to build a large number of houses, and that the vendor had employed one to lay sewers and erect lamps, though followed by promissory statements to the effect that the vendor would run a train between designated points in a short time, etc., were material representations of matters of fact on which the prospective purchaser could rely, and the latter, induced thereby to purchase the property, could recover any damages sustained.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. § 12.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Actions by Lizzie Sicklick and by Anna Sicklick against the Interurban Home Company. From judgments for the respective plaintiffs, defendant in each case appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

J. Leon Brandmarker, for appellant.

Bogart & Bogart, for respondents.

SEABURY, J. These actions were brought to recover money paid under contracts of sale of certain lots at Mt. Pleasant Heights, Westchester county. The plaintiffs' claims are based upon certain misrepresentations of existing facts which induced them to buy the lots owned by the defendant. The lots purchased were several miles from the city of New York and two miles from a railroad station. The statements made by the defendant, through its agents, and upon which the plaintiffs relied when they purchased the lots, were made with reference to the particular lots sold and the property immediately surrounding them.

The alleged false representations made to the plaintiffs when they purchased the property are as follows: That the agents of the defendant stated that "they were building the cars and laying the tracks"; that "they are widening the street already for the tracks"; that "they were tearing down a barn to build the station"; that "they are building a station right on the premises"; that "they showed a pack of papers; they got a hundred contracts in their pockets to build houses"; that "they had employed a man to lay sewers and erect lamps." These representations were made as to matters of fact, upon which the plaintiffs had a right to rely. That they were false the jury have found, with ample evidence to sustain the finding. That they were material, and greatly enhanced the value of the property in the eyes of a prospective purchaser, the recital of them, when considered in connection with the location of the property, shows.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

That they constituted the inducing cause, without which the contract of purchase would never have been made, I think the evidence clearly established.

The mere fact that the statements above set forth were reinforced by other statements promissory in their nature in no way weakens the plaintiffs' case. It was but natural for the defendant to promise that 100 houses would be built, after stating that it had given contracts to erect the houses; that a train "will run from the Battery to Mt. Pleasant Heights in a short time," after stating that a station was in the course of erection on the premises and that they were building the cars and laying the tracks; that there would be sewerage provided and lamps erected, after stating they had engaged a man to perform that work. As between the statement of existing facts and those which were promissory merely, it is clear that the plaintiffs relied upon the former, rather than upon those statements which were promissory in their nature.

The representations as to the facts were definite and certain, and were of such a character as to justify the plaintiffs in relying upon them. That the plaintiffs did rely upon them, and that they were false, and that the plaintiffs in consequence sustained damage, was established by the evidence and found by the verdict of the jury.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

LEHMAN, J. (dissenting). The two actions were tried jointly, and by stipulation, upon the rendition of a verdict in favor of the plaintiff in the case of Anna Sicklick, judgment was rendered in each action in favor of the plaintiff. The opinion below contained, while making reference only to the second of the above-entitled actions, is therefore to be taken as applying to each action.

The plaintiff herein alleges that she purchased of the defendant certain lots in Westchester county, and that, as an inducing cause of the said purchase, the defendant stated that it had made an agreement for the immediate erection of at least 100 buildings prior to the expiration of the summer of 1903, and that the said building operations were to commence upon said lots of land immediately; that the defendant also stated that it had made an agreement to build, during the said summer of 1903, railroad tracks across the plot of land of the defendant herein, and build and maintain a railroad station there; that these representations were false; and that the plaintiff had parted with the sum of $435 upon the faith of these representations. There are allegations in the complaint which would be proper upon the theory either that the action was for the rescission of the contract or for the return of the money paid upon the rescission of the contract.

Upon the trial the plaintiff showed that the contract was made through the agency of her husband, and her husband testified that the defendant's agent had told him that "they got lots there, very good lots, and cars will be able to run there"; that they were building the cars and laying the tracks there, and were going to build houses there;

that the train would run from the Battery there to Mt. Pleasant Heights in a short time, and it would cost only eight cents for fare, and a trolley car would be there; that they were building a station right on the premises, and everything was going to be there; that they had a hundred contracts in their pockets to build houses already for people who had purchased that land; that when they came on the land there was a barn, and that the defendant's agent told them that they were changing the barn into a station, and that they were already widening the street for the tracks, and would be building the tracks, except for a strike." This testimony is corroborated by a brother of this witness, who is directly interested herein, under the stipulation mentioned above, by which the evidence, proceedings, and verdict in the one action shall also apply to the action in which his wife is the plaintiff. The plaintiff, also, put upon the stand two disinterested witnesses, who testified that the defendant's agents had made various promissory representations, but were very vague as to the representations of fact. The plaintiff also showed that she had paid $75 in cash upon the contract, and that her husband had earned in commissions from the defendant the sum of $360, and that this sum was credited upon the contract.

The trial justice submitted the case to the jury, with the instruction that, if the defendant had made these misrepresentations and the plaintiff had relied upon them, then they must find for the plaintiff in the sum of $435, with interest. The misrepresentations relied upon are, in part as to future events, promissory in their nature, in part as to matter of opinion, and in part as to matters of existing facts.

Misrepresentations as to existing facts, if material, do constitute a fraud, and are a ground for rescission of the contract; but in this case each alleged misrepresentation of fact is closely connected with a promissory representation, and is material, if at all, only as corroboration of the truth of the promissory representation. It could make no possible difference to the purchaser whether a station was being erected there, unless the promise of a railroad was also true; and, it appears to me, every representation of fact testified to on the trial is absolutely immaterial, in view of the fact that the promissory statement of which it is a part could furnish no ground for a rescission of the contract. So close is the connection between the statements of present fact and of future promise that falsity of every statement of fact can properly be inferred from the proof that the promissory statements were false, and there is not in the case any other vestige of proof that these statements of fact were false.

Moreover, even though we view the testimony in a light as favorable as possible to the plaintiffs, and hold these statements of fact were material, if relied upon by the plaintiffs, and if they were an inducing cause of the contract, nevertheless the verdict should have been set aside by the trial justice, because there is no evidence that the plaintiffs relied upon these statements of fact, rather than upon the promissory statements, or were induced by them to enter into the contracts. The other purchasers certainly seem to have relied upon the promises only, for they are extremely vague in their testi-

mony as to whether there were any statements of fact, and the plaintiffs themselves have testified only that they relied upon everything that was told them by the defendant.

But, even aside from this ground of reversal, the judgment should be reversed, as the court has tried the' case very much as if it were an equitable action for rescission, and not as if it were an action at law upon the rescission. "A person who has been induced by fraudulent representations to become the purchaser of property has, upon the discovery of the fraud, three remedies open to him, either of which he may elect. He may rescind the contract absolutely, and sue in an action at law to recover the consideration parted with upon the fraudulent contract. * * * He may bring an action in equity to rescind the contract, and in that action have full relief. Allerton v. Allerton, 50 N. Y. 670. Such action is not founded upon a rescission, but is maintained for a rescission. * * * Lastly, he may retain what he has received and bring an action at law to recover the damages sustained." Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301, 302. In the present action the plaintiff has not followed the last course, because she had not fulfilled the contract and taken the property, and therefore could not show any damage from the representations. She has not taken the first course, because in such an action she could recover only the $75 actually parted with, and not the $360 in addition which was credited upon the contract by reason of commissions earned by her husband. It is obvious that she was seeking here a rescission of the contract in order to obtain full relief in this action. Such actions are not within the jurisdiction of the Municipal Court. Bellettiere v. Lawlor, 47 Misc. Rep. 161, 93 N. Y. Supp. 471.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.