LEMAN C. MINER, JR., Respondent, *v.* BERNHARD BARON et al., Appellants.

Plaintiff's complaint set up a contract between the parties for the transfer by plaintiff to defendants of a patent and a subsequent modification of the contract. Defendants claimed an abandonment and cancellation of the contract. Upon the trial, plaintiff gave evidence tending to show the modification alleged. Defendants introduced a letter written by plaintiff after the alleged modification in which he referred to and demanded an explanation of a newspaper article which gave the public to understand that defendants owned the patent, and accused the defendants of sharp practice in view of the fact that a short time previously "the contract * * * was canceled by mutual consent." Plaintiff thereupon offered the article in evidence, which was received under objection. *Held,* no error; that the evidence was competent to explain the letter and the cause for writing it.

(Argued March 18, 1892; decided March 25, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 2, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

" The complaint set forth a contract between the parties parties, by which the plaintiff, as the owner of certain letters patent, issued to him as the owner and patentee of an invention for a cigar perforator, agreed, for a consideration moving from the defendants, at the expiration of three months, either to transfer his interest in the patent for the sum of $3,250, or at the option of the defendants, to give them the sole and exclusive right to manufacture and sell the patented article, upon terms which required them to guarantee the manufacture within three years of at least 13,000 of the perforators, and to pay plaintiff a royalty of 25 cents for each. It alleged that the defendants elected under the contract to take the exclusive right for the three years provided for as the alternative to a purchase of the patentee's interest. It then alleged that subsequently to the making of that election, by mutual consent, the contract was modified or altered, in such wise as that the

defendants were to manufacture and pay the royalties upon 4,000 of the perforators during one year, and that the plaintiff, in consideration of this modification, should have the right to manufacture and to sell the article to other persons.

" The plaintiff demanded judgment for a sum which would represent the difference between what would be due for royalties upon the 4,000 perforators, if manufactured as agreed under the modification of the contract, and the amount paid upon 200 perforators actually manufactured, with interest upon the amount so due. The answer admitted the allegations as to the contract and as to the election by the defendants under its provisions, but set up, as a separate defense, that it had been subsequently agreed between the parties that the contract and the election made thereunder should be utterly abandoned and canceled. The issue thus presented was: What did the parties, in the end, agree to? The plaintiff recovered a verdict for the amount of his demand.

"Upon the trial the plaintiff gave evidence that at an interview in January, 1888, between himself and one of the defendants, they agreed to the modification, or alteration, of the contract, as he had alleged in the complaint. Upon his cross-examinaton by defendants' counsel, a letter from him to the defendants was introduced, written subsequently to the interview, in which he demanded an explanation of a cut, or illustration, and an accompanying article just appearing in a newspaper called 'Tobacco,' and which gave the public to understand that the defendants owned and controlled the patent. The plaintiff accused the defendants in this letter of practicing a 'sharp and cunning' piece of business, in view of the fact that a short time previously 'the contract * * * was canceled by mutual consent.' Upon his redirect examination, the plaintiff was asked to state how he came to write the letter, and he said that it was because, just after the agreement made between him and the defendant, he had seen the article in the paper called 'Tobacco.'

" The paper was then offered by the plaintiff in evidence, and an objection to its reception was overruled and an exception taken. The defendants insist that the ruling was erroneous, because, as it appeared that the article had not been inserted

nor authorized by the defendants, it was both irrelevant to the issue and as evidence in the case, tended to prejudice the defendants in the minds of the jurors. The exception, however, is untenable. The introduction in evidence of the paper was justifiable in explanation of the plaintiff's letter and of the cause for writing it. The defendants, obviously, had called out the letter in order to show, by expressions of the plaintiff, a cancellation of the contract, and thus to establish their defense. It was competent, therefore, for the plaintiff to put in evidence the newspaper article, as the subject of his letter, to explain and to qualify what he had written, and to rebut any influence which the defendants might argue as deducible therefrom. The paper was not admissible as evidence in support of the plaintiff's allegations respecting the agreement arrived at, nor as proof in support of his case; but he was entitled to have the newspaper article, referred to in his letter, considered in connection with, and as an explanation of, the the letter itself. Nor could its reception in evidence be considered, in any light, as prejudicial to the defendants. The only issue in the case was whether at the interview in January the contract had been modified, as the plaintiff alleged and testified, or whether it had been wholly abandoned, as the defendants alleged and testified.

"The recovery of the plaintiff depended upon the credence which the jury should attach to the evidence, and its amount was not a variable sum, to be fixed according to the caprice or whims of the jurors, but was a certain sum. With respect to the liability of the defendants, the trial judge charged the jury that it must be for the sum demanded, and that they might give interest upon it.

"After the plaintiff had rested upon his evidence and the defendants' part of the case was being made out, a motion was made, on their behalf, to strike out the admission in their answer that they had elected, under the terms of the contract, to take the right for three years to manufacture and sell 13,000 perforators. This was to obviate the effect of defendants' evidence contradicting it, and was urged to have been a mistake of the pleader. But the motion was denied. The denial was not placed on the ground of any want of

power.   This is apparent from the remark of the judge, that he did not think it was fair to allow the change to be made at that stage of the case.   It was an exercise of discretion on his part, and, therefore, will not be reviewed in this court.

"No other error is presented calling for our consideration, and the judgment should be affirmed, with costs."

*Leopold Wallach* for appellants.

*George W. Roderick* for respondent.

GRAY, J., reads for affirmance.
All concur.
Judgment affirmed.