(29 Misc. Rep. 627.)

### DENNISON v. MUSGRAVE.

(Supreme Court, Appellate Term. November 29, 1899.)

1. PLEADING—AMENDMENT—REVIEW.
    A refusal of the court in the exercise of its discretion, on retrial, to allow amendment on the ground of plaintiff's laches cannot be reviewed on appeal.

2. EVIDENCE—IMPLIED CONTRACT—PLEADING.
    Code, § 519, which provides that the allegations of a pleading must be liberally construed, with a view to substantial justice, does not authorize the introduction by a plaintiff suing on an express contract, over defendant's objection, of evidence to establish an implied contract.

3. PLEADING—AMENDMENT—LACHES—EXCUSE.

Where plaintiff sued on an express contract, and introduced evidence of an implied contract, and the general term, in reversing the cause, intimated that such evidence was incompetent without an amendment, and the plaintiff did not move .for such amendment until the retrial, nearly a year thereafter, the plaintiff's laches cannot be excused on the ground that it was not a surprise to defendant, as the latter was justified in believing that plaintiff proposed to stand on his express contract.

Appeal from city court of New York, general term.

Action by James A. Dennison against Fannie E. Musgrave. From a judgment of the general term (56 N. Y. Supp. 381) affirming a judgment of the trial term dismissing the complaint, plaintiff appealed. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Frederick G. Wetterau and Lynott B. Root, for appellant.

Franklin Bien, for respondent.

LEVENTRITT, J. The question underlying this appeal is whether, on an allegation of an express contract to pay for services rendered, evidence of facts establishing an implied contract is admissible, without amendment of the pleading. The material portion of the complaint is that "he [plaintiff] rendered professional services to the said defendant, at her special instance and request, of the fair value of nine hundred dollars." A general denial was interposed. There have been two trials of the action. Upon the first a verdict was directed for the defendant at the close of the plaintiff's case, but the judgment entered thereon was reversed on the ground that, instead of a direction, there should have been a dismissal of the complaint, for the reason that the proof tended to establish only an implied contract, which had not been pleaded. In the opinion of the general term it was strongly intimated that an amendment of the pleading was a prerequisite to the plaintiff's success in the action, unless he was prepared to prove the express contract alleged. After the lapse of almost a year, the plaintiff brought on the new trial, without having taken any steps in the interim to amend his complaint. At the opening, and again in the course of the trial, the.plaintiff moved to strike out the words "special instance" from the allegation quoted. The defendant strenuously objected, urging that, as the plaintiff had disregarded the caution in the opinion, and had neglected to apply at special term for an amendment, she had come prepared to litigate merely the issue of express employment. The learned judge, without regard to the question whether he had the power to grant the amendment, denied it, in his discretion, on the ground of the plaintiff's laches. That exercise of discretion is not reviewable here (Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687; Miner v. Baron, 131 N. Y. 677, 30 N. E. 481); and all that remains for our determination is whether the evidence offered was admissible under the pleading as it stood. The plaintiff admitted on the record that he had not been employed by the defendant, but by her husband, whose

agency or authority, however, he could not prove; and that he rested "this case entirely upon the fact that she has accepted the benefit of his [plaintiff's] services." In effect, the plaintiff sought to substitute one cause of action for another. The liberal construction extended to pleadings under the authority of Code, § 519, does not warrant the substitution of a claim substantially different from the one pleaded. "The rule that a party coming into court asserting one cause of action cannot recover on another and different one is unchanged. It is essential to the orderly administration of justice and the protection of the rights of litigants. Lawyers could never safely advise their clients, and parties would frequently be misled, if any other rule was admitted." Reed v. McConnell, 133 N. Y. 425, 434, 31 N. E. 22. Where a trial has proceeded to its conclusion, and evidence has been admitted in disregard of the pleading without objection, or where the trial has been had on the real issue through the acquiescence of the party affected by the departure from the pleaded issue, the pleadings may be conformed to the proof, or the variance disregarded. Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698. But where the objection is seasonably made only the issue originally tendered can be litigated, and the remedy is not by relaxation of established rules, or by subsequent conformation, but by amendment. A timely objection invokes the fundamental principle that, as the office of a pleading is to inform the adversary of the precise claim or defense to be met, adherence to the cause of action as alleged must be enforced to prevent confusion, surprise, and injustice. In the case at bar the plaintiff specifically set forth an express contract resting in his direct employment by the defendant. On the trial he completely abandoned this, admitted that there was no express contract, that he could not prove employment, and thus receded from every material allegation of the complaint. He sought to substitute a cause of action wholly independent of any employment. The acceptance of benefits resulting from valuable services may well create a cause of action, and an obligation to pay their reasonable value. But such a cause of action, derived from presumptions of law, is entirely different from one which flows from the express contractual relation of the parties. The gravamen of this complaint is employment. Facts which would fasten liability on a different theory belong to a different cause of action. We are of the opinion that, under the express contract pleaded, evidence of the implied contract, based on the acceptance of the services, was not admissible without amendment. Fuld v. Kahn, 4 Misc. Rep. 600, 24 N. Y. Supp. 558. The case at bar is not within the principle of Sussdorff v. Schmidt, 55 N. Y. 319, or of Taylor v. Pinckney, 12 Civ. Proc. 107, and kindred cases. These decisions hold that after proof of an express contract of employment it is competent, upon failure to sustain an allegation of agreed compensation, to show the reasonable value of the services rendered. So here, had the plaintiff established his employment, he could, under averment of a promise to pay $900 for his services, have introduced evidence that they were reasonably worth that sum. He made his recovery dependent

on his employment, and he was bound to establish that to avoid a fatal variance.

There is no force in the argument that, in view of the prior proceedings, the defendant was not surprised. As a result of the plaintiff's disregard of the clear intimation in the opinion of the general term that no recovery could be had on the implied contract without amendment of the complaint, the defendant was justified in assuming that the plaintiff proposed to stand on the express agreement.

These considerations lead to an affirmance of the judgment.

Judgment affirmed, with costs to the respondent. All concur.