### MINUTH v. BARNWELL et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

CONTRACTS—EVIDENCE—SUFFICIENCY.

> In an action on a contract whereby defendant was alleged to have employed plaintiff to prepare plans for a building, evidence considered, and *held* insufficient to sustain a finding that plaintiff had been so employed, that defendant ever accepted the plans or used them, or that they were of any value to him.

Appeal from Trial Term, New York County.

Action by Frederick A. Minuth against Morgan G. Barnwell and another, as executors of the will of Peter Marie, deceased. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, IN- GRAHAM, HATCH, and McLAUGHLIN, JJ.

Augustus N. Hand, for appellants.
Henry Siegrist, Jr., for respondent.

INGRAHAM, J. This action was to recover for services alleged to have been rendered by the plaintiff to the defendants' testator. The complaint, which was served during the lifetime of the defendants' testator, alleged that the defendant, being the owner of certain real property in the city of New York, in the month of September, 1899, employed and retained the plaintiff as an architect and designer of buildings in the suggestion and preparation of a plan for a 20-story office building upon the land owned by the defendant; that "thereupon the defendant retained this plaintiff and his services to prepare different plans for such building, and to submit the same to the consideration and selection of the said defendant"; that thereafter the plaintiff, in pursuance of such employment and request, prepared several sets of plans for such building; that the defendant, after examining the said plans, selected one set thereof, and requested the plaintiff to proceed and work out said plans, having regard for special difficulties or disadvantages arising from the relations of the said defendant with the adjoining property owners:

that the plaintiff diligently proceeded to, and did, prepare scale drawings and front elevations for such building, and in and about the month of March, 1899, submitted the said drawings and elevations to the said defendant, and left the same with him at his request; that subsequently the defendant informed the plaintiff that he had sold the said property, and would not proceed further in the matter, and the plaintiff demanded of the defendant the sum of $25,000 in payment of his services, and demanded judgment against the defendant for that sum. The defendants' testator interposed an answer admitting that he was the owner of the premises, and denying the other allegations of the complaint, except the demand for $25,000. After this answer was interposed the defendant died, and his executors were substituted.

The only evidence to sustain the allegation of employment was that the plaintiff had prepared certain preliminary sketches for the erection of a building upon the premises owned by the defendants' testator; that these sketches or plans were in the possession of the defendants' testator some time in the early part of 1899; that the plaintiff came to the defendants' testator's residence five or six times, upon one of which occasions the plaintiff brought some papers with him, and left them with the defendants' testator—and the evidence of a witness called for the plaintiff, who testified: That he had an interview with the defendants' testator about April 1, 1899, at his residence. That the witness spoke to the defendants' testator regarding the premises 72 and 74 Broadway, and told him that he (the witness) understood that the premises were for sale, and asked the price. That the defendants' testator wanted $1,000,-000 for the property; that during the conversation he (defendants' testator) told the witness that he had plans prepared for a building on that plot by Mr. Minuth; that he liked the plans very much, and approved of them. That the witness "told him I thought a million dollars was too much for me to invest in that property; that I did not think it would pay. He answered that, according to the plans, and what he could reckon out of it, it would pay; from the plans submitted, it would pay; upon that valuation, it would pay, according to the plans."

It is clear that this conversation was insufficient to sustain a finding that the plaintiff had been employed by the defendants' testator to prepare these plans. All that he said was that he had plans that the plaintiff had prepared. There was no suggestion that the plaintiff had been employed to prepare them, or that the defendants' testator had either expressly or by implication agreed to pay for the plaintiff's services in preparing them. The defendants' testator having in his answer denied any such employment, and death having prevented him from testifying in relation to the arrangement under which these plans were prepared, such an incidental conversation is certainly quite insufficient to sustain a finding of any employment to prepare these plans, or liability for the services rendered in preparing them; and this was the view taken by the learned trial judge, who held that, as a matter of law, there was no evidence of employment. He, however, submitted to the jury the question

as to whether the defendants' testator received benefit from the labor of the plaintiff in preparing the plans, and charged the jury that if the defendants' testator utilized these plans, had received a benefit from them, if they were of value to him, or if he had reaped some advantage therefrom, having accepted them to that extent, the estate should pay to the plaintiff the reasonable, fair, and just value of his services in their preparation; and in this connection the court charged the jury:

"I must call your attention to the claim of the defendants that unless an express agreement is established by the testimony—an express agreement between Mr. Marie and the plaintiff—that he was employed to prepare plans, and that he prepared them in pursuance of that agreement, there can be no recovery. I do not understand that to be the law, and I must instruct you that, if you find that Mr. Marie received the benefit of this work of the plaintiff, that then the plaintiff may recover upon a quantum meruit; that where a complaint counts upon a special contract, and the plaintiff fails in the establishment of the same, but does show that in fact services were rendered, he may recover upon a quantum meruit; and such has long been a settled rule of law."

To this charge the defendants excepted. Counsel for the plaintiff stated:

"Your honor's charge upon the quantum meruit, of course, proceeds upon the theory, also, providing there was no agreement to render services free of compensation, or an agreement to be paid by the purchaser. I assume your honor means to instruct the jury he would be entitled to recover upon a quantum meruit, provided there was no proof of any contract of any kind?"

To which the court answered: "Yes; if the benefit was accepted by Mr. Marie," to which counsel excepted. In this connection the defendants requested the court to charge that there was no evidence in the case that Mr. Marie, the defendants' testator, ever accepted or approved the plans offered in evidence, or any of them, as alleged in the complaint. That was refused, and the defendants excepted.

At the end of all the testimony the defendants moved for the direction of a verdict for the defendants, which was denied, and to which the defendants excepted. We agree with the court below that there was no evidence which would justify a finding of an employment of the plaintiff by the defendants' testator to prepare these plans; and, as the cause of action alleged in the complaint was based solely upon such a special contract, it would seem to follow that the cause of action alleged was unproved, and that the defendants were entitled to a dismissal of the complaint or the direction of a verdict. The cause of action was not based upon a liability arising from any use by the defendants' testator of the plaintiff's work, from which there would result an implied obligation to pay, irrespective of an employment.

The plaintiff seeks to sustain this verdict upon a line of cases which hold that where a contract of employment is alleged, and it is also alleged that the compensation for the work done was fixed, and where the contract of employment was proved, and there being a failure of proof as to the amount of compensation to be paid, a recovery was justified upon a quantum meruit. Two late cases in this court are cited to sustain this contention. The first is Shirk v.

Brookfield, 77 App. Div. 295, 79 N. Y. Supp..225. That action was to recover the value of work, labor, and services performed by the plaintiff at the special instance and request of the defendants, upon a theory of quantum meruit. The employment by the defendants, who were receivers of a corporation, was proved. It was also proved that the plaintiff entered into the employment of the defendants, and continued in such employ until he was discharged by the defendants. In the opinion in that case the court said:

"Under the issues as framed between these parties, the plaintiff claimed to recover on a quantum meruit, and the defendants averred a special contract which had been fully discharged by payment."

And it was then stated that:

"It is the settled law that under a declaration on a special contract, if the proofs fail in establishment of it, but do in fact show the rendition of services, a recovery may be had upon a quantum meruit."

This is based upon Sussdorff v. Schmidt, 55 N. Y. 319. In that case the action was brought by a broker for services in effecting a sale of certain real estate of the defendants. He claimed $50,000 as the agreed compensation. The jury found against a special agreement, but found for the plaintiff a verdict allowing him a commission upon the amount of the sale; and in disposing of that question the court said:

"The learned counsel for the defendants also insist that, inasmuch as the complaint is upon a contract for a specific sum, the plaintiff could not recover as upon a quantum meruit. This point is not tenable, for several reasons: (1) The complaint contains sufficient averments to enable the plaintiff to recover the value of the services rendered, without reference to the allegation of an agreed compensation. (2) At most, it was only a variance between pleading and proof, which might be disregarded unless it mislead the defendants, which was not pretended. (3) This objection was not taken at the trial."

It would hardly seem that that case was an authority which would justify a recovery in this case. But however that may be, the proposition stated in Shirk v. Brookfield, supra, and which was followed in Baumann v. Manhattan Consumers' B. Co., 97 App. Div. 470, 89 N. Y. Supp. 1088, is that where there is an allegation of an employment of the plaintiff by the defendant at an agreed compensation, and where the employment is proved either by an express or an implied contract, but an agreement as to the amount of compensation is not proved, there the law will imply an agreement to pay what the services were reasonably worth, and a recovery will be sustained upon a quantum meruit. But in no case to which our attention has been called has it been held that where a cause of action is based upon a special contract of employment, and the evidence entirely fails to show that there was any employment, express or implied, a recovery will be allowed, based upon a different theory, whereby a person would be held liable for the reasonable value of services rendered and accepted, where there was no employment or no contract in relation thereto. In this case there is a lack of proof of an employment of the plaintiff. He prepared plans for the erection of a building. He submitted them to the owner of the property upon which the building was to be erected. The owner had them

in his possession, and subsequently they were returned to the plaintiff. No use was ever made of the plans. No building was ever erected. No acceptance of the services of the plaintiff was proved, from which an employment or acceptance of the plaintiff's services could be inferred. The cause of action, which alleges an employment, and rendition of services thereunder, is entirely unproved; and I think that the defendants were therefore entitled to the direction of a verdict. But assuming that the position taken by the learned court was correct, and that under this complaint the plaintiff could recover for the value of any services that were actually rendered to the defendants' testator and accepted by him, the proof fails to show that he ever accepted the plans, used them in any way, or that they were ever of any value to him. He had them in his possession for some months. He told a person who applied to him to know the price at which the property would be sold that he had plans prepared by the plaintiff that would show a certain result as to the rental value of the building to be erected according to those plans, and that is all. This statement of the defendants' testator is entirely consistent with the fact that the plaintiff had prepared these plans and submitted them to the defendants' testator without any employment or agreement as to compensation, and that the defendants' testator had considered them and declined to accept them—a condition which would preclude the plaintiff from any recovery. The complaint alleges that these plans were submitted under such an arrangement, but there is no evidence to justify a finding that there was any subsequent employment of the plaintiff, an agreement to pay him for the plans, or an acceptance or use of the plans, which would imply a contract to pay for them; and the defendants were therefore entitled to have the jury so instructed.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur; PATTERSON, J., in result.