WILLIAM BELDNER, Respondent, *v.* SCHENDLER REALTY CO., INC.,
and Another, Appellants.

Third Department, March 2, 1927.

**Contracts — action on express contract — only issue was whether contract
was one of employment or partnership — court elicited evidence as to
value of services in vicinity — error for court to instruct jury that they
might render verdict for reasonable value if they found no contract
was made — said theory is inconsistent with and not permitted by
pleadings and proof.**

In an action on an express contract in which the only question between the parties
was whether or not the contract was one of employment or one of partnership,
the court itself elicited some evidence as to the wages of laborers in the vicinity
of the residence of the parties. The complaint was not amended. It was error
for the court to instruct the jury that they might render a verdict for the reason-
able value of the services if they found that the parties had not made any con-
tract, for that authorized the jury to make a different contract than that relied
upon by both parties and was a submission on a theory inconsistent with and
not permitted by the pleadings and the proof.

APPEAL by the defendants, Schendler Realty Co., Inc., and
another, from a judgment of the Supreme Court in favor of
the plaintiff, entered in the office of the clerk of the county of
Ulster on the 30th day of November, 1925, upon the verdict of a
jury.

*William D. Cunningham,* for the appellants.

*Bennett E. Siegelstein,* for the respondent.

PER CURIAM. The judgment should be reversed. Whether or
not a verdict for the reasonable value of services rendered may be
permitted, where both parties plead and prove that they were
rendered under an express contract, complete in all of its terms,
and disagree only as to whether the contract was one of employ-
ment or one of partnership, is the question. It is undisputed that
plaintiff rendered services, but he claimed and attempted to prove
that he rendered them under an express contract of employment
for the season at a fixed compensation, while defendant claimed
and attempted to prove that he rendered them under a contract
on a share basis for the year. That was the only litigated question.
Some evidence relating to the wages of laborers in the vicinity
was elicited by the court, without objection. The complaint was
not amended. Apparently, defendants did not appreciate the
purpose when the questions were asked, but they excepted when

the court, in the charge, instructed the jury that they might render a verdict for the reasonable value of the services, if they found that the parties had not made any contract.    That was a permission to the jury to make a different contract and was a submission on a theory inconsistent with and not permitted by the pleadings and the proof.    (*Romeyn* v. *Sickles,* 108 N. Y. 650, 652; *Minuth* v. *Barnwell,* 106 App. Div. 437, 442; *Donovan* v. *Harriman,* 139 id. 586, 588; *Dennison* v. *Musgrave,* 29 Misc. 627, 629.)

The judgment should be reversed on the law and the facts and a new trial should be granted, with costs to abide the event.

Van Kirk, Acting P. J., Hinman, McCann, Davis and Whitmyer, JJ., concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellants to abide the event.