MARIE S. LIVINGSTON, as Administratrix of the Estate of ROBERT L. LIVINGSTON, et al., Respondents, v. BAYARD U. LIVINGSTON et al., Respondents, and ETHEL P. HOUGH, as Executrix of CHARLES M. HOUGH, Deceased, et al., Appellants.

**Appeal — practice — Court of Appeals has power to allow amendment of complaint to sustain judgment appealed from — amendment to obtain additional relief should be sought in Supreme Court.**

The Court of Appeals has power to allow an amendment to the complaint, by inserting omitted allegations in order to conform the allegations to the proofs and to sustain the judgment, or to amend the entire record to conform to the proofs (Civ. Pr. Act, § 105), but the omissions which may properly be supplied are those which might be fatal to the complaint, and where no objection is taken to the complaint on appeal and the judgment follows it and the proof, an application to amend the complaint so as to obtain further relief should be addressed to the Supreme Court.

Reported below, 216 App. Div. 698.

(Submitted October 3, 1927; decided October 4, 1927.)

MOTION for leave to amend complaint.

*Alfred R. Page, Philip M. Brett, A. Delafield Smith* and *William F. Allen* for motion.

No one opposed.

*Per Curiam.*    Civil Practice Act, section 105, provides: " At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms,    *    *    *."

This action was brought for the construction of a will and to obtain a declaratory judgment that plaintiffs are the owners of certain real estate of which certain defendants claim to be the owners. It described five parcels of real estate as being all the real property of which the testator died seized. On this appeal, it appeared from

appellants' brief that the testator died seized of three other parcels of real estate which the so-called life tenant had sold in her lifetime. The real question is whether she was life tenant or owner. The proposed amendment alleges the facts and asks for an accounting for the proceeds. The motion is not formally opposed but it is suggested that this court has no power to grant it. That this court has power to allow an amendment to the complaint, by inserting omitted allegations in order to conform the allegations to the proofs and to sustain the judgment, or to amend the entire record to conform to the proofs, is clear. (*Reeder* v. *Sayre,* 70 N. Y. 180, 190.) But no objection is taken to the complaint on this appeal. The judgment follows it and the proofs. The omissions which may properly be supplied by amendment on appeal, under section 105 are omissions which might be fatal to the complaint unless they were so supplied.

This motion, if granted, would deprive this court of jurisdiction to hear the pending appeal for the defendants would have the right to answer the amended complaint and a new judgment would follow. That is not the purpose of section 105 so far as it relates to amendments on appeal. The Supreme Court has control of its own judgment and the relief should be sought there.

Motion to amend complaint denied, without costs.