Paul Hirschman, Respondent, *v.* Hudson-Athens Ferry Company, Ltd., Appellant.

Hasbrouck, J. (dissenting). In the case at bar there was no pleading of negligent operation of the ferry. The pleading set forth an alleged negligent construction. It constituted the sole issue. The law applicable to the facts at the close of the case as laid down by the court eliminated that issue from the case. The trial justice submitted two other questions of negligence and made issues of them in order to save the parties another trial. A commendable effort but not warranted as I think by the practice. (*Beldner* v. *Schendler Realty Co.*, 220 App. Div. 17.) The practice which quite universally prevails at trials where the pleading fails to raise the issue desired to be tried is to move for an amendment. Whether it shall be granted rests in the discretion of the trial justice. (*Deyo* v. *Morss*, 144 N. Y. 216.) If the amendment be allowed the position of the defendant must be considered. The opportunity to refuse to answer the new issue and save himself from unnecessary costs and expenses is one of the rights in such case of a litigant. Another right is to plead denial or avoidance or both and lastly the defendant should have the opportunity to prepare for the trial of the new or substituted issue. Such issue can be tried without delay if the defendant consents to or acquiesces in the trial thereof. The case at bar as I regard it is barren of any consent or acquiescence. The defendant challenged the complaint and its liability at the close of plaintiff's case and the introduction of evidence on the issues submitted to the court, and the determination of the court to submit the unpleaded negligence to the jury at the close of the evidence and excepted properly to the submission of such questions of negligence, and at the close of the charge. took an exception to such submission of unpleaded negligence. No motion was made to conform the pleadings to the proof at the trial. The power of the court to conform the pleadings at the close of the trial involves the same considerations as

an amendment of the complaint at the trial. It cannot upon its own motion do what it would be improper to do on the plaintiff's motion. If the trial court was without power to conform the pleadings to the proof without the defendant's consent, it must follow that the Appellate Division has not that power. (Civ. Prac. Act, § 109.) The Court of Appeals has distinctly denied its power in such case. (*Livingston* v. *Livingston*, 246 N. Y. 234, 235.) It is urged that the power of the Appellate Division to conform the pleadings to the proof rests in rule 166 of the Rules of Civil Practice. That rule deals with amendments which may be granted in the court's discretion. Any such question is not here for the court has not attempted to use his discretion. Further there is no variance between the pleading and the proof. (Civ. Prac. Act, § 434.) Variance does not exist where " the allegation to which the proof is directed, is unproved, not in some particular or particulars only, but in its entire scope and meaning." What results is a failure of proof. In the case at bar the proof showed a failure to make a case on the toggle bars against the defendant. The power of the court on the claim of mistakes, omissions, defects and irregularities is unlimited by section 109 of the Civil Practice Act, except that where they affect the judgment of a court of record they cannot be remedied " against the right and justice of the matter " or by " altering the issue between the parties." It seems to me that the issue in the case is " altered " when a charge of defective structure is abandoned and a charge of improper operation substituted. What becomes of " right and justice " when the opportunity to assert them is denied as they were in the case at bar. The trial judge forced upon the defendant at the close of the trial issues of negligence which were not raised by the pleadings or presented with the consent of the defendant. The trial was conducted in such a manner as to deprive the defendant of its right of pleading to a formulated complaint and of time to prepare for the trial of the issues. I vote for a reversal and a new trial.