JAMES C. GREEN and Another, Copartners Doing Business under the Name and Style of GREEN & EVANS, Respondents, *v.* IRVING MESSING, Appellant.

First Department, July 1, 1932.

Emerson F. Davis of counsel [*Daniel S. Murphy* with him on the brief; *Greene & Hurd*, attorneys], for the appellant.

*John Goodrum Miller* of counsel [*Wilfred H. Gillon* with him on the brief; *Miller & Gillon*, attorneys], for the respondents.

O'MALLEY, J. Plaintiffs' judgment is predicated upon the reasonable value of architects' services, which the jury found were rendered to the defendant. Reversal is sought upon the ground that plaintiffs failed to prove employment of plaintiffs by the defendant, or a promise, either express or implied, to pay for the alleged services.

Plaintiffs' first cause of action is based on a contract made in March, 1924. By its terms they were to prepare plans and specifications and render architectural services upon an apartment house and an office building to be erected upon adjoining plots in Montclair, N. J. The defendant agreed to pay the value of such services, twenty per cent upon completion of preliminary studies, to be based and computed upon the reasonable estimated cost; and upon completion of specifications and general drawings, the estimated equivalent of sixty per cent of the total sum or fee, computed upon the lowest *bona fide* bid or bids for the performance of the work of construction of the buildings. The complaint alleges due performance, except in so far as performance was prevented or waived, and the completion of specifications and general drawings; further, that the lowest *bona fide* bid or bids received was $900,000 and that by reason thereof the sum of $32,400 became justly due and owing to the plaintiffs. Recovery of this sum, less $1,000 paid on account, is sought.

The third cause of action seeks to recover $10,000 alleged to be the reasonable value of certain services rendered in making changes and modifications at the request of the defendant. A second cause of action on a note for $1,000 made by a corporation known as the Montclair-Crescent Corporation and indorsed before delivery by the defendant, was also contained in the complaint, but was withdrawn from the consideration of the jury.

The material allegations of the complaint were denied and as a first separate and distinct defense the answer alleged a contract between defendant and the plaintiffs made in April, 1924, whereby the plaintiffs were to perform architectural services on the buildings in question, and for which the defendant was to pay the reasonable

value. It is alleged, however, that such agreement was conditioned upon the defendant obtaining and procuring a loan so as to make possible the erection of the building.

It is further alleged that the buildings to be erected were to be five stories in height, but that prior to June 10, 1924, an ordinance of the city of Montclair became effective which prohibited the erection of buildings exceeding three stories in height; that prior to the enactment of the ordinance the plaintiffs were informed of the impending prohibition contained in said ordinance and that through the fault of the plaintiffs and solely by reason of their delay in failing to complete and file necessary plans and drawings prior to June 10, 1924, no permits necessary for the erection of the five-story building could be secured and that by reason of such delay on the part of the plaintiffs and through no fault of the defendant, the latter was unable to obtain a building loan. It is further alleged that the agreement set forth in this defense was the only agreement entered into between the parties.

Of the other defenses, the second is the only one we need here consider. This is to the effect that in July, 1924, a corporation known as the Montclair-Crescent Corporation was organized under the laws of the State of New Jersey, to which defendant thereupon assigned all his right, title and interest in and to the premises referred to in the complaint; that all services rendered by the plaintiffs in preparation of the plans and specifications subsequent to such incorporation, were rendered by them to such corporation under an agreement between the plaintiffs and the corporation and that none of such services were rendered to or for the defendant or under any agreement with the defendant.

The chief issue presented was whether the plaintiffs proved a contract of employment by the defendant and his agreement to pay for the services. It is contended by the appellant that plaintiffs wholly failed to establish these necessary elements of their case and that the complaint should be dismissed. On behalf of the respondents, it is urged that there is sufficient to justify a finding of employment and an agreement by defendant personally to pay for the services. Through the testimony of an expert the plaintiffs proved the reasonable value of the services rendered.

In the view we take of this question, the verdict was against the weight of the evidence and for this reason a new trial must be ordered. Whatever arrangements were had between the plaintiffs and the defendant were made between him and the partner, James C. Green. The latter having died in 1927, his testimony was not available. Therefore, there was no evidence whatever as to the original alleged contract of employment. The witness Kirby F.

Green, a son of the deceased partner, testified merely to conversations had between his father and the defendant during which plans for the proposed buildings were discussed and also to conversations at which certain changes and modifications were requested by the defendant. However, this witness did not attempt to testify as to the nature or subject-matter of their conversation and at no time did he give any testimony throwing any light upon the nature of the plaintiffs' employment, if any.

The bulk of the plans which were under discussion between the deceased partner and the defendant at the time bore a legend placed thereon by the plaintiffs entitled, " For the Montclair-Crescent Corporation." Moreover, there was introduced in evidence a letter from the plaintiffs to the defendant under date of June 5, 1924, in which the plaintiffs referred to the proposed buildings " to be erected in Montclair, N. J., for the Montclair-Crescent Co. (now in course of incorporation)." Another letter under date of June 9, 1924, written by the plaintiffs and which served as an introduction of the defendant to one Burbank stated that the defendant " represents the syndicate who have recently purchased the property of the Montclair Club — Church Street and the Crescent — and as I told you this morning over the 'phone, *they* intend to build an office building on the Church Street front and an apartment building on the Crescent. *They* have expressed to us their sincere desire to make these buildings a credit to Montclair and *we* are doing our best to co-operate and further their interests." (Italics ours.)

Upon objection by plaintiffs under section 347 of the Civil Practice Act, the defendant was not permitted to testify either with respect to the alleged oral agreement with the deceased partner, James C. Green, or with respect to the oral request for changes and modifications. While the respondents' brief quotes certain testimony given by the defendant in this respect, the record discloses that all such testimony was finally stricken from the record. The defendant's position on the trial was that he had at no time obligated himself in accordance with plaintiffs' theory.

The only evidence introduced by the plaintiffs tending to show a personal obligation upon the part of the defendant was contained in the testimony of the surviving partner, the plaintiff, Norman H. Evans. Concededly he had no knowledge as to the original arrangement between the deceased partner and the defendant. He testified, however, that in December, 1924, he made a demand upon the defendant for payment on account of services. He testified that at that time he informed the defendant that the plaintiffs would do no further work unless some money was received

on account. The defendant replied that he had no money with which to make a payment at that time. Later the defendant offered him a note of the Montclair-Crescent Corporation in the sum of $1,000. The witness testified he refused to take it, informing the defendant that " we held him personally responsible for the work done, and unless he signed the note personally, I would not accept it." Thereafter the defendant gave the witness the note of the corporation after personally indorsing it.

The defendant's explanation of his indorsement of this note was that he signed it as an accommodation to the plaintiffs and that he never thereby intended to become personally obligated.

The plaintiffs seek to take advantage of the allegations in the first defense as constituting an admission on the part of the defendant that a contract of employment was made. However, as already noted, the contract pleaded by the plaintiffs was specifically denied, while the contract as pleaded by the defendant was entirely different from that asserted by the plaintiffs. Plaintiffs may not accept as admissions in their favor those parts of the answer which are favorable to their contention and refuse to be bound by those which are unfavorable. They must accept the pleadings as a whole, not in part merely.

While it is true that plaintiffs' evidence tended to show that the defendant was to benefit by virtue of the services rendered by the plaintiffs, nevertheless, they would not be entitled to recover without proof that the defendant personally obligated himself expressly or impliedly. Mere benefit from, or even use of, the plans would not suffice. (*Minuth* v. *Barnwell*, 106 App. Div. 437.)

It follows, therefore, that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., and MARTIN, J., concur; MERRELL and McAVOY, JJ., dissent.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.