Julius H. Kamerman, Respondent, *v.* William B. Curtis, Appellant.

Argued February 26, 1941; decided April 17, 1941.

*o*

*Roscoe S. Conkling* and *John Preston Phillips* for appellant.

*Jacob I. Goodstein* for respondent.

LEWIS, J. The action is in equity for an accounting. Although a trial has been had, we meet at the outset questions of law referable to the pleadings.

By the complaint the plaintiff alleges that he entered into a partnership agreement with the defendant to carry

on a business brokerage agency specializing in the sale of drug companies and allied businesses. From further averments in the complaint and from a bill of particulars furnished by the plaintiff it appears that the partnership was based upon an oral agreement by which plaintiff and defendant were to share equally in all profits and losses which might result from the venture. The plaintiff also alleges that while the partnership was in existence the defendant, on its behalf, brought about the sale of a drug company; that plaintiff does not know the exact details of the sale, the date thereof or the amounts actually received by the defendant but he states, upon information and belief, that the sale was consummated at a price which, under an arrangement with another broker who participated in the transaction, entitled the partnership to commissions in the amount of $70,000; that upon the consummation of that sale the defendant received the sum of $70,000 as such commissions and thereafter paid over to the plaintiff $2,500, but that he has since refused to pay the balance of the full one-half share of such commissions to which the plaintiff was entitled as a partner despite the plaintiff's demand therefor. The plaintiff seeks in this action a judgment dissolving the alleged partnership and directing the defendant to account for all partnership transactions in which he has participated and for all partnership moneys received by him.

The amended answer by the defendant denies the existence of the partnership and denies that a transaction took place, as alleged by the plaintiff, by which brokers' commissions in the amount of $70,000 were payable to the parties to this action as copartners or were received by him as such a partner. The defendant admits that prior to the commencement of this action he had paid to the plaintiff the sum of $2,500 and, as a separate and complete defense, he alleges that for this sum of $2,500 and other valuable consideration paid by him to the plaintiff on May 25, 1939, the plaintiff executed and delivered to the defendant a written instrument whereby the plaintiff released and dis-

charged the defendant from all claims, damages or causes of action which he had or claimed to have including the present cause of action.

The reply interposed by the plaintiff contains an admission that on May 25, 1939, he signed a paper purporting to be a general release and that he then received the sum of $2,500, but it is alleged by the plaintiff that in doing so his acts were induced by and he relied upon statements and representations made by the defendant which were false and that the falsity thereof was then known to the defendant.

Such was the state of the pleadings when the trial opened, at which time — before any witness was called — counsel for the defendant objected to further proceedings in the action upon the ground that the general release, pleaded by the defendant and admitted by the plaintiff, was a bar to the prosecution of the action. The release was produced in court and thereupon demand was made, on behalf of the defendant, that before the plaintiff should be permitted to proceed with the trial the consideration, concededly received by him, should be restored to the defendant. To this demand the court replied: " He doesn't have to." Thereupon counsel for the defendant stated: " I think I am entitled to have it on the record, whether or not the plaintiff will restore the consideration." The following colloquy ensued: " Mr. Conkling [counsel for the defendant]: The Court says that the plaintiff does not have to restore the consideration? The Court: You have made the request. Mr. Conkling: I make a demand. The Court: You made the motion and I denied your motion." We regard this ruling as erroneous.

The pleadings make it clear that the plaintiff has not chosen as his remedy an action at law for money had and received. The action is for an accounting in which the recovery to be had, if any, is a sum unliquidated in amount and not certainly recoverable. Indeed, when referring to commissions due the alleged partnership from a single sale said to have been brought about by the defendant,

the complaint states: "That the plaintiff herein does not know * * * the amounts actually paid to and received by the defendant but expects to prove the same on the trial of this action." Thereafter it is alleged: "That defendant herein has failed to account to this plaintiff or to the said copartnership for the moneys received and collected by him as a result of the aforesaid transaction although duly requested so to do by the plaintiff." Finally the demand for a dissolution of the partnership and for an accounting by the defendant clearly imports an objective by the plaintiff to recover an unliquidated sum to be determined only after proof of " all partnership transactions and * * * all moneys received and collected by the defendant."

Another fact of importance to our inquiry is that nothing appears in the pleadings which amounts to a concession that any sum of money is due the plaintiff from the defendant. On the contrary, by his amended answer the defendant denies the existence of the partnership alleged by the plaintiff and denies any indebtedness on his part to the plaintiff by reason of the single brokerage transaction pleaded by the plaintiff. In view of this fact — appearing on the face of the pleadings — that nothing is admittedly due the plaintiff from the defendant against which the consideration for the release may be credited, the present case is removed from that class of decisions in which a tender or restoration of the consideration is held to be not necessary before proceeding to a rescission of a contract. (*Joslyn* v. *Empire State Degree of Honor*, 145 App. Div. 14, 17–19; revd. on dissenting opinion in the Appellate Division, 204 N. Y. 621.)

Having admitted by his reply the execution of the release, the plaintiff cannot treat the instrument as void. " Fraud in the *factum* renders the writing void at law, whereas fraud in the treaty renders it voidable merely." (*Whipple* v. *Brown Brothers Co.*, 225 N. Y. 237, 241; *Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75, 78.) Accordingly the release for which the plaintiff received considera-

tion was voidable if, as alleged in his reply, its execution was induced by fraud. (*Adams* v. *Gillig*, 199 N. Y. 314, 317.) But in seeking to avoid the release, because of alleged false representations by the defendant, the plaintiff did not execute a rescission by returning the consideration he had received for the release; nor has he brought an action for a rescission in which is pleaded a tender or offer to return the consideration. The money turned over to him by the defendant in exchange for the release has been retained by the plaintiff ever since its payment. Restoration was not offered either before or after the present action was commenced; nor was a tender pleaded in the complaint herein. In such circumstances the plaintiff cannot proceed with the present action in disaffirmance of the release, while retaining the payment made by the defendant in exchange for that release. (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75, 79; *Joslyn* v. *Empire State Degree of Honor, supra*, pp. 19, 20.) The release, being voidable only, is a bar to the present action unless it be rescinded, " and rescission can be effective only by returning or tendering back the consideration received." (*Gilbert* v. *Rothschild*, 280 N. Y. 66, 72. See, also, *Gould* v. *Cayuga County Nat. Bank, supra*, pp. 79, 82; *Vail* v. *Reynolds*, 118 N. Y. 297, 302, 303; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124, 127, 128.)

The application of the principles outlined above leads us to conclude that the plaintiff would be entitled to retain the consideration received by him for the release, only in the event he would *certainly* be entitled to that sum whether or not he was successful in the present suit. But, as we have seen, the pleadings disprove such a certainty because in the present accounting action it might have been found that there was no partnership, or that the plaintiff's profits from the alleged partnership were less than the sum paid the plaintiff as consideration for the release. The release, therefore, is a bar to the plaintiff's present action unless prior to the commencement thereof he had rescinded the release by restoring the consideration paid therefor, or

unless, as a part of the equitable relief demanded in the present action for an accounting, he had asked for a rescission of the release and, as an incident thereto, had offered to return the consideration.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

FINCH, J. (dissenting). It is submitted that a reversal of this judgment would in any event be placing too much emphasis on procedure at the expense of the merits, in addition to disregarding the command of the statute that we disregard errors if any which would not change the result. (Civ. Prac. Act, § 105.) But where is the error which compels a reversal?

The opinion as submitted seeks a reversal upon a consideration of the pleadings alone, taking no notice of the fact that a trial has been had in which findings of fact and conclusions of law have been made, that an interlocutory judgment has been entered from which an appeal has been taken directly to this court. Since appellant comes to this court under the provisions of section 590 of the Civil Practice Act, " such an appeal brings up for review only the determination of the appellate division " which, in the case at bar, affirmed an interlocutory judgment based on uncontroverted findings establishing the following facts:

Plaintiff and defendant composed a partnership as brokers. Practically the only business done by this partnership was to bring about a sale in which the commissions of the partnership were approximately $48,000. When the commission was about to be paid, defendant requested that two checks be drawn to him, one for $43,000 and one for $5,000. Defendant cashed the check for $5,000, and with the cash in his hand induced plaintiff to believe that that was the total amount of the commission, gave plaintiff one-half of the $5,000, or $2,500, and obtained from plaintiff a release, upon the ground that all concerned in the transaction were executing releases. Plaintiff subsequently learned of the real amount of the commission received,

and started this suit to make defendant account and pay over one-half of the commission. Defendant in his answer pleaded the release as a defense. The attorney for defendant then made a motion for judgment on the pleadings on the ground that plaintiff had not alleged in his complaint an offer to return the $2,500 which he had received at the time of giving the release. Plaintiff served a reply in which he alleged that the sum received by defendant for brokerage was approximately the sum of $48,000, and hence plaintiff need not return the $2,500 as he brought himself within the exception to the general rule that, where the plaintiff shows that he would be entitled to recover at least the sum which he has been paid, he need not either allege or prove an offer to return this sum. (*Kley* v. *Healy*, 127 N. Y. 555; *Strout* v. *Cross, Austin & Ireland Lumber Co.*, 283 N. Y. 406, 416.) The motion was denied at Special Term and the denial was unanimously affirmed by the Appellate Division. For the purposes of a proper disposition of this appeal we may assume, however, that the court erred at Special Term and in the Appellate Division and that the motion should have been granted. This motion, however, has been rendered academic for the reason that subsequently the parties appeared for trial. At this trial defendant, although appearing, put in no evidence whatsoever to dispute the claim of the plaintiff. In fact, defendant admitted the receipt of $48,880 as commissions. As a result, plaintiff showed, and the court found, that the story of plaintiff was true and that plaintiff had received $2,500 as one-half of a commission of $5,000 and was entitled to receive much more than the sum of $2,500 and hence need not either allege the return of the sum of $2,500 already received or offer to do so. In addition, plaintiff showed without dispute that he was entitled, and the court so found, to one-half of the partnership commission of approximately $48,000 instead of the sum of $5,000 which defendant had falsely represented. Not only did the court make this finding, but he sent it to a referee who took the account and upon whose report judgment was entered in the sum of approximately $24,000.

As to the lack of allegation by plaintiff in his complaint that he had returned or offered to return the sum of $2,500, not only has the trial rendered this motion academic and moot, but the cases are clear that this court has the power in order to sustain a judgment, to order that the pleadings shall conform to the proof at the trial. (*Livingston* v. *Livingston*, 246 N. Y. 234.) In addition, it is provided that, in order to prevent just such a result as is herein occurring, this court shall disregard errors which do not materially affect the result. (Civ. Prac. Act, § 105.) On all these grounds it would seem clear that the judgment appealed from should be affirmed.

It is said, however, that we may not consider the final judgment because the appeal is taken directly from the final judgment to this court and that upon this appeal we may only consider the interlocutory judgment. Although we may consider only the interlocutory judgment upon this appeal, as already indicated, it appears by that judgment, without any evidence on behalf of defendant to contradict, that on any reasonable consideration of the facts, out of the sum of $48,000 admittedly received, plaintiff would be entitled in any event to keep the sum of $2,500, especially as it is found by the trial court that the only business which this partnership did was this one brokerage sale.

It is, therefore, submitted that the judgment appealed from should be affirmed.

LEHMAN, Ch. J., LOUGHRAN and DESMOND, JJ., concur with LEWIS, J.; FINCH, J., dissents in opinion in which RIPPEY and CONWAY, JJ., concur.

Judgments reversed, etc.