## SCHOELER v. ROTH et al.

District Court, S. D. New York.

Sept. 29, 1942.

Cass, Bacal & Castaldi, of New York City (Alvin C. Cass, of New York City, of counsel), for plaintiffs.

Lewis, Marks & Kanter, of Brooklyn, for defendants.

CONGER, District Judge.

Defendants move (1), under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order dismissing the action upon the ground that the complaint fails to state a claim upon which relief can be granted; (2) under Rule 56(b), for summary judgment upon the ground that the claim alleged in the complaint has been released by two instruments in writing. In the alternative, defendants move under Rule 12(e) for an order directing the plaintiff to amend the complaint so as to make certain allegations more definite and certain.

This is an action to recover damages for breach of a contract of employment. Plaintiff alleges that in 1936 he entered into an agreement with B. H. Roth & Co., a partnership composed of the two defendants and one Milton Zaidenberg, to perform certain services in return for a salary of $50 a week plus 10% of the net earnings of the liquidation or reorganization department of said firm; that between May 1, 1938, and October 18, 1938, he agreed to perform these services for $30 a week payable against 5% of the net earnings; that from October 18, 1938, to April 30, 1941, the defendants agreed to pay $40 a week plus 5% of the net profits; that Milton Zaidenberg withdrew from the partnership in April, 1941, and thereafter the remaining partners continued the business and with the consent of the plaintiff assumed all the partnership debts and obligations including the employment contract in question; that the plaintiff duly performed all the conditions of such contract on his part to be performed; and that there is presently due and owing him $8,887.84 representing the balance of his share of the net profits.

In support of the motion for summary judgment defendants rely upon two general releases executed and delivered by the plaintiff. One release is dated June 17, 1938, and the other May 15, 1941. Plaintiff does not deny that he executed and delivered the two releases, but he contends that neither release is valid and effective.

As to the first release, plaintiff asserts that not only was it obtained by duress but that it is void for fraud in the factum. He claims that in April, 1938, the firm discontinued paying him a weekly salary until such time as he brought in some new business. Eventually he was in need of money and he demanded that he be paid part of the sum due him as his share of the net profits. One of the defendants then agreed to pay him $125 and Milton Zaidenberg, who was a partner at that time, agreed to lend him an additional $125. However, he had to wait a week before he got the money and at that time the firm's bookkeeper refused to pay him the $250 unless he signed the release in question. This he did.

Plaintiff now contends that the release does not express the true agreement between the parties and therefore it is void for fraud in the factum. However, he knew what the terms of the instrument were when he signed it. He knew it was a general release and not a receipt for part payment. Accordingly, the release cannot be void for fraud in the factum. Kamerman v. Curtis, 285 N.Y. 221, 33 N.E.2d 530; Pimpinello v. Swift & Co., 253 N.Y. 159, 170 N.E. 530; Whipple v. Brown Bros. Co., 225 N.Y. 237, 121 N.E. 748.

If as also contended by the plaintiff the release was obtained by duress, it was not void but voidable only. It was incumbent upon the plaintiff to rescind promptly as soon as the duress ceased. Oregon Pac. R. Co. v. Forrest, 128 N.Y. 83, 28 N.E. 137. Such rescission would be effective only upon return of the consideration received. Kamerman v. Curtis, supra. Concededly, the plaintiff did not rescind the release nor did he tender back the consideration. It follows that the claim of duress is without merit.

As to the second release, plaintiff asserts that it was delivered conditionally, with the express understanding that it was to become effective only if a financial statement to be furnished him, showed that no more money was due him from the firm. Plaintiff claims that no such statement was furnished and therefore, the release never became effective. Undoubtedly, oral evidence of this nature would be incompetent for the purpose of varying the terms of the written release but it would be admissible for the purpose of showing that it was delivered conditionally. There is a difference between the act of executing a release and the act of delivery. Stiebel v. Grosberg, 202 N.Y. 266, 95 N.E. 692, 36 L.R.A.,N.S., 1147. Whether in the light of all the facts the release was conditionally delivered is a question of fact which cannot be determined on this motion.

The complaint on its face is sufficiently definite to enable the defendants properly to prepare a responsive pleading. The schedule referred to in paragraph VIII was omitted by inadvertence but such omission has not prejudiced the defendants. The plaintiff will be directed to supply such schedule.

The motion to dismiss the complaint is denied. The motion for summary judgment is granted as to that part of plaintiff's claim which antedated the release dated June 17, 1938, and in all other respects it is denied. The motion under Rule 12(e) for a more definite statement is likewise denied.

Settle order on notice.